IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-000116 |
| ) | |
| WILLIAM MCCALL CALHOUN, JR ) | |
| ) | |
| Defendant. ) | |

_____

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S BASIS FOR DETENTION UNDER 18 U.S. CODE SECTION 1342(f)
_____

COMES NOW, Defendant, William McCall Calhoun, Jr., by and through undersigned counsel, and respectfully files his opposition to the Government's basis for his continued detention under 18 U.S. Code Section 1342(f). In support of his opposition, Defendant offers the following argument:

**U.S. Code Section 1342(f) Factors to be Considered**

1). Defendant has not been charged with a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.

2). As it pertains to the charges Defendant is facing before this Court, the Government has provided no evidence of Defendant having threatened, assaulted, or harmed anyone in anyway, or having any type of a weapon with him while in the District of Columbia or in the Capital building. Additionally,

1

the Government has presented no evidence of Defendant being anywhere other than the Rotunda area of the Capital building.

Defendant didn't solidify his plan to travel to Washington, DC, until December 28 or 29, 2020, when he put in a leave of absence request with the Court for January 5, 6, and 7, 2021. Note that this requested leave of absence took place 1-2 days *after* former President Trump promoted his January 6, 2021 rally on Twitter (*See Timeline of the 2021 Storming of the United States Capital*: https://en.wikipedia.org/wiki/Timeline_of_the_2021_storming_of_the_United_States_Capitol#Storming_of_the_Capitol). Defendant had no plan to enter the Capital building prior to his arrival to Washington, DC, on January 6, 2021, and the Government has provided no evidence that suggests otherwise. (*See* Exhibit 2 – Government's Objection to Bail (March 4, 2021, ECF Doc. 14-2, p. 4), marked "Government Exhibit 4," showing that the first time Defendant mentions going inside the Capital is when he is already in Washington, DC, on January 6, 2021, and standing in front of the Capital building; *See also*, *Timeline of the 2021 Storming of the United States Capital*, where on January 3, 2021, a 1:00 P.M. protest at the U.S. Capital is added to the January 6 rally announcement on the March to Save America website, which is why Defendant was there, standing in front of the United States Capital on January 6, 2021).

Defendant's Facebook posts indicate that he was narrating what he was

seeing take place and hearing others say around him. Defendant specifically refers to "Patriots" as "we" and "us," as well as "the American People" as "we." (*See* Exhibit 2 – Government's Objection to Bail (March 4, 2021, ECF Doc. 14-2, pp. 5-6), marked "Government Exhibit 5," and "Government Exhibit 6," where Defendant also notes "admiring the amazing artwork," and "no weapons."

Defendant's co-defendant, Verden Nalley, who has been charged with the same three charges as Defendant, was given a $10,000, non-surety bond, on February 19, 2021. *See* Exhibit 1 – Evidence of Co-Defendant's, Verden Nalley's, Bond & Conditions Setting Release. It is safe to believe that the Government has the same level evidence against Mr. Nalley as they do for Defendant.

3). The history and the characteristics of Defendant support his release. Defendant has been a longstanding member of the Georgia State Bar and is in current good standing and active status. *See* Exhibit B - Defendant's Motion for Reconsideration of Detention, ECF Doc. 13, March 3, 2021 original filing date, March 6, 2021 ECF filing date.

> A). Defendant has prostate cancer and is under the care and treatment of Dr. Patel at Emory Winship Cancer Institute. *See* Exhibit A – Defendant's Motion for Reconsideration of Detention, ECF Doc. 13, March 3, 2021 original filing date, March 6, 2021 ECF filing date, p. 6 (confirmed prostate cancer), and p. 8 (next appointment with Dr. Patel on April 12, 2021 at 1:00

P.M.). He has lived in Georgia his entire life with numerous family members in Georgia, as well as his private practice law firm, and frequent, almost daily, appearances in Court in order to represent his own clients in their legal cases. *See* Exhibit C – Defendant's Motion for Reconsideration of Detention, ECF Doc. 13, March 3, 2021 original filing date, March 6, 2021 ECF filing date, Defendant's current case load of client's that are relying upon him for their continued legal representation and that Defendant is anxious to return to.

Defendant has no criminal history, thus no related failures to appear. He has no history of drug or alcohol use, and no history of violent or abusive behavior towards anyone. In fact, the number of affidavits previously submitted to the Court indicate Defendant's kindness, generosity, dedication to his clients and community, and passion for his country.

Defendant testified in Court, under oath, on Friday, March 5, 2021, that his political views changed sometime in 2019 when he grew concerned about changes in gun rights that he believed would impact his friend's, farmer's, in his local community. His views are based on genuine concerns about the First and Second Amendments of the United States Constitution.

      B). Defendant has no prior criminal history, thus no convictions, probation or parole.

4). Defendant poses no danger to any person, or his community. Nor has he ever posed a danger to anyone. All of his firearms and ammunition have been confiscated by the Government, though he has never used them for anything other than target practice.

      Defendant was not, and is not, a flight risk. The Affidavit in support of criminal complaint and arrest warrant were filed against the Defendant on Tuesday, January 12, 2021. Law enforcement did not have an arrest warrant in hand until the evening of January 13, 2021. *See* Exhibit 4 – Government's Objection to Bail (March 4, 2021, ECF Doc. 14-2, p. 4), January 21, 2021 transcript, p. 72. Defendant appeared in Court on Wednesday, January 13, 2021, in order to represent several of his clients. *See* Exhibit 2 – Evidence of Defendant Not Avoiding Arrest. On Thursday, January 14, 2021 Defendant packed up his personal belongings and relocated temporarily to his sister's house in Macon, Georgia, due to threats that he and his secretary were receiving by phone, mail and email. *Id.* Defendant was being surveilled on and off from the morning of January 13, 2021 until his without incident arrest on Friday, January 15, 2021. *See* Exhibit 4 – Government's Objection to Bail, January 21, 2021 transcript, pp. 71 – 74. Not even two (2) days after law enforcement received the arrest warrant.

**U.S. Code Section 1342(g) Supports Defendant's Immediate Release**

Based on the statutory bases suggested to date by the Government, there is insufficient evidence to support the continued detention of Defendant, under the analysis of 3142(g). Therefore, the Court should release Defendant on his own recognizance. The factors outlined in 3142(g) fully support the immediate release of Defendant.

Defendant does not contest the assertion that he entered the United States Capital building on January 6, 2021. In fact, Defendant has admitted to such on numerous occasions. The evidence that the Government has presented to the Court does not support the felony charge against the defendant. At most the evidence may support a misdemeanor charge. This additionally advocates for the release of Defendant.

**Conclusion**

Given the unique set of facts and circumstances giving rise to the present situation and the charges against Defendant, combined with the Defendant's strong ties to his community, lack of flight risk and criminal history, the Court is respectfully compelled to grant Defendant's release from custody.

WHEREFORE, Defendant renews his prayer that this honorable Court grant his Motion for Reconsideration of Detention, and for such other and further relief as the Court deems just and appropriate in the circumstance.

Dated: March 7, 2021

                                Respectfully Submitted,
                                WILLIAM MCCALL CALHOUN, JR.

                                By: */s/ Jessica N. Sherman-Stoltz*
                                Jessica N. Sherman-Stoltz, Esq.
                                Virginia State Bar #90172
                                Sherman-Stoltz Law Group, PLLC.
                                P.O. Box 69, Gum Spring, VA 23065
                                Phone: (540) 760-7612; Fax: (540) 572-4272
                                Email: jessica@sslawgroupva.com

**CERTIFICATE OF SERVICE**

I hereby CERTIFY that on this the 7th day of March 2021, a true and correct copy of the foregoing Defendant's Opposition to the Government's Basis for Detention with the Clerk of Court via the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

      /s/ *Jessica N. Sherman-Stoltz*
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.
P.O. Box 69, Gum Spring, VA 23065
Phone: (540) 760-7612
Fax: (540) 572-4272
Email: jessica@sslawgroupva.com