UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-116 (DLF) |
| : | |
| WILLIAM McCALL CALHOUN, : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM
IN RESPONSE TO MARCH 7 MINUTE ORDER**

The United States, by and through the assigned Assistant United States Attorney, respectfully submits the following clarification in response to the Court's minute order dated March 7, 2021, numbered sequentially in the order of the Court's inquiry:

1. Consistent with prior briefing and argument, the government seeks to detain the defendant, Mr. Calhoun, as both as a serious risk of flight as well as the risk that he will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness" pursuant to 18 U.S.C. § 3142(f)(2)(B).  This posture has been consistent since the government filed its initial form Motion for Detention (attached to this pleading as Exhibit 1) on January 15, 2021.  These were also the enumerated grounds for detention as ordered by the Magistrate in the order previously attached to the government's initial opposition to the motion for reconsideration at ECF 14, ex. 1.

2. The triggering authority for detaining the defendant on motion of the government in this case based on the charged offenses is 18 U.S.C. § 3142(f)(2)(A) and (B).  There is no other basis in the Bail Reform Act for holding a detention hearing.  Upon having a detention hearing, the substantive grounds for detaining the defendant are the factors found in 18 U.S.C. §

3142(g)(1) through (4) based on the record before the court consisting of the sworn testimony presented at the initial preliminary examination and detention review held on January 21, 2021 in the Middle District of George (attached as exhibit 4 to ECF No. 14); the exhibits introduced at that hearing (paper copies attached as Exhibit 3 to ECF No. 14, digital exhibits shared with Chambers and counsel for Mr. Calhoun on Friday March 5, following their receipt from the Clerk of Court in the Middle District of Georgia); the additional still images of Mr. Calhoun submitted in the body of the government's supplementary response at ECF No. 16; and the testimony of the defendant himself during the March 5, 2021 hearing.

3. The defendant's motion for reconsideration, perhaps more accurately described as revocation, is properly before the court for *de novo* review under 18 U.S.C. 3145(b), which states that when "a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. 3145(b). Neither § 3142 nor § 3145 specifies the standard of review to be applied by a district court reviewing a magistrate judge's release or detention order, and "the D.C. Circuit has not yet addressed the issue," *United States v. Hunt*, 240 F. Supp. 3d 128, 132–33 (D.D.C. 2017), however "[b]oth the BRA and the Federal Magistrates Act, 28 U.S.C. § 636, support the conclusion, reached by every circuit to have considered the question, that a district court reviews a magistrate judge's release or detention order de novo." *United States v. Chrestman*, No. 21-MJ-218 (BAH), 2021 WL 765662, at *5 (D.D.C. Feb. 26, 2021). Chief Judge Howell's recent memorandum opinion in *Chrestman* further clarifies that "[t]his deliberate choice by Congress to style review of magistrate judge decisions as "motions" rather than "appeals" indicates that the district court's review occupies a procedural posture more similar to a motion for reconsideration of its own decision, at which stage both

factual and legal findings are open to revision, than to appellate review, at which stage deference to factual findings is appropriate. *Id.* at *6. This Court is "free to use in its analysis any evidence or reasons relied on by the magistrate judge, but it may also hear additional evidence and rely on its own reasons." *United States v. Smith*, 160 F. Supp. 3d 280, 282 (D.D.C. 2016) (citing *United States v. Hubbard*, 962 F.Supp.2d 212, 215 (D.D.C.2013) (quoting *United States v. Sheffield*, 799 F.Supp.2d 18, 20 (D.D.C.2011)); *see also United States v. Hitselberger*, 909 F.Supp.2d 4, 7 (D.D.C.2012). *Cf. United States v. Lee*, 451 F.Supp.3d. 1 (D.D.C. March 30, 2020), ("Notably, Lee did not appeal the initial determination of the Magistrate Judge . . . [t]hus Lee's emergency request for release is properly construed either as a motion to reopen Lee's detention hearing under 18 U.S.C. § 3142(f) . . . or as a motion under 18 U.S.C. §3142(i). . .").

        Respectfully submitted,

        CHANNING D. PHILLIPS
        ACTING UNITED STATES ATTORNEY

                /s/ Adam Alexander
                ADAM ALEXANDER
                Assistant United States Attorney
                AK Bar No. 1011057
                Detailee
                U.S. Attorney's Office for the District of Columbia
                555 4th Street, N.W.
                Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 7, 2021, I sent a copy of the foregoing via the Court's electronic filing system to Jessica Sherman-Stoltz, Esq., counsel for the defendant.

                                          /s/ Adam Alexander
                                          ADAM ALEXANDER
                                          Assistant United States Attorney