**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-116 (DLF)** |
| | : | |
| **WILLIAM McCALL CALHOUN,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**GOVERNMENT'S SUPPLEMENTAL NOTICE OF**
**AUTHORITY**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully files this supplemental opposition to defendant W. McCall Calhoun's motion for reconsideration of pretrial detention ("Motion," ECF No. 13), filed on March 4, 2021. This pleading provides supplementary authority in the interests of promoting a uniform response within the District to some of the questions raised by the Court in this matter adapted from a pleading previously filed by the government in response to similar questions raised in another recent Capitol riots matter, *United States v. Michael Thomas Curzio*, Crim. No. 21-CR-41-CJN (ECF No. 34):

First, a motion to reopen a detention hearing under § 3142(f) does not permit the defendant to seek reconsideration of whether the detention hearing was warranted in the first instance. That is all the more so true here where the defendant fails to contest the basis for the hearing in his modification motion. Where a party fails to present an argument, a court should not raise a claim on that party's behalf. *See Sineneng-Smith v. United States*, 140 S. Ct. 1575, 1579 (2020) (explaining that, under the party presentation principle, courts "rely on the parties to frame issues for decision and assign courts the role of neutral arbiter of matters the parties present" (citing

1

Greenlaw v. United States, 554 U.S. 237, 243 (2008)).

Second, whatever the basis for a detention hearing, § 3142's plain language not only permits but requires the Court to consider the full panoply of factors under § 3142(g) in determining whether to release or order detained a defendant. See § 3142(g) (noting that the judicial officer "shall . . . take into account" the § 3142(g) factors). Nothing in § 3142's text limits the Court's consideration under § 3142(g) to the underlying basis for the detention hearing. Instead, once the government has established a circumstance "triggering a detention hearing," the court "must consider the enumerated factors" in § 3142(g). United States v. Singleton, 182 F.3d 7, 9 (D.C. Cir. 1999).

## APPLICABLE AUTHORITY

### 1. Relevant Legal Principles under the Bail Reform Act

The Bail Reform Act ("BRA") provides for a detention hearing in one of two ways. First, under certain circumstances related to a defendant's past criminal history at the time the defendant is alleged to have committed the offense or the offense the defendant is alleged to have committed, a rebuttable presumption in favor of detention applies, and the court proceeds directly to the detention hearing to consider whether the defendant has rebutted the presumption, and, if so, whether detention is warranted under the factors in § 3142(g). See § 3142(e)(2)-(3). In that route to a detention hearing—which is not at issue here—the court proceeds directly to the question of whether detention is appropriate under § 3142(g) without considering any factors in § 3142(f). See, e.g., *United States v. Taylor*, 289 F.Supp.3d 55, 63-64 (D.D.C. 2018) (finding the charged offenses "trigger[ed] the presumption," and then considering whether detention was appropriate under § 3142(g) without separately analyzing whether a detention hearing was warranted under § 3142(f); *United States v. Hunt*, 240 F. Supp.3d 128, 133-34 (D.D.C. 2017) (same); *United States*

*v. Muschetta*, 118 F.Supp.3d 340, 343-44 (D.D.C. 2015) (same).

The second way in which a case proceeds to a detention hearing is through § 3142(f). Section 3142(f) states that a "judicial officer shall hold a hearing to determine whether any conditions or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community." Such a hearing shall be held upon motion of the government under 18 U.S.C. § (f)(1) for certain qualifying offenses, none of which is applicable in this case.

Under 18 U.S.C. § 3142(f)(2), a hearing shall be held "upon a motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves- (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate a perspective witness or juror."

When, as here, the second potential avenue to a detention hearing applies, the analysis proceeds in two steps. First, the judicial officer, based on a "proffer of what the hearing might establish," must ascertain if one of the circumstances enumerated under § 3142(f) is present to "trigger[] a detention hearing." See *United States v. Singleton*, 182 F.3d 7, 9, 12 (D.C. Cir. 1999 If so, the judicial officer assesses case-specific facts to determine "whether conditions short of detention will 'reasonably assure the appearance of the person as required and the safety of any other person and the community.'" Id.

The sole question at the first step under § 3142 is whether the government has established the threshold question of whether "a hearing is appropriate." *Singleton*, 182 F.3d at 9 (citing 18 U.S.C. § 3142(g)); see also *United States v. Gloster*, 969 F. Supp. 92, 95 (D.D.C. 1997) (holding court can conduct a "fact-sensitive inquiry" into the defendant's long criminal history "only under

3

Sections 3142(e) and (g), that is, after the triggering provisions of Section 3142(f) have been met and detention therefore is available"). By contrast, at the second step, "the judicial officer must consider several enumerated factors to determine whether conditions short of detention will 'reasonably assure the appearance of the person as required and the safety of any other person and the community.'" Id. (quoting 18 U.S.C. § 3142(g)) (emphasis added); see also *United States v. Ailon-Ailon*, 875 F.3d 1334, 1336-37 (10th Cir. 2017) (setting forth same two-step process).

If the defendant is ordered detained following the court's consideration of the factors under § 3142(g) at the second step, the defendant may move for the detention hearing to be "reopened" for a reconsideration of the § 3142(g) factors where the defendant adduces new information material to the underlying detention question." *See United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020); 18 U.S.C. § 3142(f)(2).4 Similarly, if the defendant is "ordered detained" by a magistrate judge outside the court of original jurisdiction, the defendant may move for "revocation or amendment of the order." § 3145(b).

**2. The Court Should Not Reconsider the Basis for a Detention Hearing because the Defendant May Not Raise, and Has Not Raised, that Claim.**

The BRA enables a detained defendant to "reopen" the question of whether he was properly detained under the factors § 3142(g). See §§3142(f)(2); 3145(b). But, as noted above, it does not envision a defendant reopening the question of whether a detention hearing was proper in the first instance. Neither § 3142(f)(2) nor § 3145(b) provides such a mechanism. By allowing the defendant to come forward with information not known at the time of the detention hearing "that has a material bearing" on ensuring the defendant's appearance or the community's safety (i.e., the underlying detention question), § 3142(f)(2) focuses on whether the initial detention determination remains correct. And the most natural reading of § 3145(b)'s reference to

"amendment or revocation" is to a detention determination: a court amends or revokes the conditions of release or detention. It does not "amend" or "revoke" a decision to hold a detention hearing in the first place.

Reconsidering the reason(s) underlying the defendant's eligibility for a detention hearing in the first instance is all the more so inappropriate here where the defendant has never—neither before the Magistrate Judge in the Middle District of Georgia nor before this Court—sought reconsideration of that question. The Court should also opt not to consider this issue sua sponte. See Sineneng-Smith v. United States, 140 S. Ct. 1575, 1579 (2020) (explaining that, under the party presentation principle, courts "rely on the parties to frame issues for decision and assign courts the role of neutral arbiter of matters the parties present" (citing Greenlaw v. United States, 554 U.S. 237, 243 (2008)); see also Puckett v. United States, 556 U.S. 129, 134 (2009) (explaining the importance of the contemporaneous-objection rule to prevent a litigant from "sandbagging" the court by remaining silent about an objection and then voicing it only if the case does not conclude in his favor).

### 3. The Basis for Detention Hearing in the First Instance Does Not Constrain the Court's Consideration of the Factors Under § 3142

Whatever the basis for detention, the BRA's plain language does not limit the Court's consideration of the appropriate factors under § 3142(g). Indeed, exactly the opposite: § 3142(g) directs that judges "shall" consider the "available information concerning" the enumerated factors. Similar language in the sentencing and supervised-release statutes, 18 U.S.C. § 3553(a) and § 3583, for example, affords a court "wide discretion" to craft the most appropriate sentence or set of conditions. See *United States v. Hu*nt, 843 F.3d 1022, 1030 (D.C. Cir. 2016).

Section 3142(g)'s mandatory language, moreover, articulates no link between the rationale

for a detention hearing under either §§ 3142(e) or 3142(f) and the factors a court considers under §3142(g). Instead, once "a hearing is appropriate, the judicial officer must consider several enumerated factors to determine" whether detention or release is appropriate. <u>Singleton</u>, 182 F.3d at 9; see <u>United States v. Holmes</u>, 438 F.Supp.2d 1340, 1341 (S.D. Fla. 2005) (reasoning that, under <u>Singleton</u>, a court "should evaluate all the factors in subsection (g) when making its detention determination . . . regardless of whether detention is sought under [§ 3142] (f)(1) or (f)(2)"); accord <u>United States v. Plata Hernandez</u>, 766 Fed. Appx. 651, 656 (10th Cir. 2019) ("The plain language of §3142(f) pertains to what triggers the requirement that a detention hearing be held, not the factors that guide the detention decision. Those factors are listed in § 3142(g), which contains no language limiting the consideration of those factors to hearings held only under subsection (f)(1), not subsection (f)(2).")[1]  Consistent with <u>Singleton</u>, therefore, this Court should consider the full panoply of factors when deciding whether to uphold  detention—and, should, for the reasons given in the government's prior opposition, determine that continued detention is appropriate.

---

[1] Some out-of-circuit cases appear to follow a different approach. See, e.g., <u>United States v. Ploof</u>, 851 F.2d 7 (1st Cir. 1988) (holding that dangerousness is not appropriately considered in cases where the basis for detention is 18 U.S.C. § 1342(f)(2)); <u>United States v. Himler</u>, 797 F.2d 156 (3d Cir. 1986) (reasoning that the district court could only consider dangerousness in setting conditions of release where the defendant's case involved an offense specified in 18 U.S.C. § 3142(f)(1)). But those cases may simply stand for the unobjectionable rule that "a finding of dangerousness" is not a basis for a detention hearing without satisfying a triggering factor in § 3142(f)(1) and (2) because such an approach would render those provisions "meaningless." See <u>United States v. Twine</u>, 344 F.3d 987, 987 (9th Cir. 2003) (citing <u>Himler</u> and <u>Ploof</u> as supporting that proposition); see also <u>Singleton</u>, 182 F.3d at 9 (describing <u>Ploof</u> as addressing when a detention hearing is available). Here, the government does not rely on dangerousness as the basis for a detention hearing. More to the point, however, this Court is bound by <u>Singleton's</u> approach that permits plenary consideration of the §3142(g) factors once the government has satisfied the threshold inquiry under §3142(f) that a detention hearing is appropriate.

**Conclusion**

WHEREFORE, for the foregoing reasons, and for any other such reasons as may appear to the Court, we request that the Court DENY the Defendant's Motion for Reconsideration of Pretrial Detention.


Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

/s/ Adam Alexander
ADAM ALEXANDER
Assistant United States Attorney
AK Bar No. 1011057
Detailee
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530


**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2021, I sent a copy of the foregoing via the Court's electronic filing system to Jessica Sherman-Stoltz, Esq., counsel for the defendant.

/s/ Adam Alexander
ADAM ALEXANDER
Assistant United States Attorney

7