IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-000116 |
| | ) | |
| WILLIAM MCCALL CALHOUN, JR | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF DEFENDANT'S PRE-TRIAL RELEASE**

COMES NOW, Defendant, William McCall Calhoun, Jr., by and through undersigned counsel, and respectfully files this memorandum in continued support of his pre-trial release. In support thereof, Defendant offers the following argument:

"'In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" *United States v. Djoko*, 2019 U.S. Dist. LEXIS 170496 *quoting United States v. Salerno*, 481 U.S. 739, 755, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987). "To ensure that pretrial detention would continue to be an exception, Congress limited the categories of cases eligible for pretrial detention to those listed in 18 U.S.C. § 3142(f)." *Id* at 5, *See also United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003); *United States v. LaLonde*, 246 F. Supp. 2d 873, 875 (S.D. Ohio 2003) (quoting S. Rep. No. 98-225, at 20 (1984)) ("[T]he requisite circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial."). Accordingly, unless the government can show by a preponderance of the

1

evidence that a case falls into one of those categories, a defendant cannot be detained pending trial. *See United States v. Villatoro-Ventura*, 330 F. Supp. 3d 1118, 1124 (N.D. Iowa 2018); *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

**U.S. Code Section 1342(f)(1)**

In the case at hand the Government has indicated that their position for the continued pre-trial detention of Mr. Calhoun is not based on any of the categories of cases listed under 1342(f)(1). Therefore, the Government may move for detention under U.S.C.S. § 3142(f)(2).

**U.S. Code Section 1342(f)(2)**

1). 1342(f)(2)(A) states that Defendant's pre-trial detention is appropriate if it involves "a serious risk that such person will flee." The Government must prove that Defendant poses a serious flight risk by a preponderance of the evidence. *United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, *See also United States v. Madoff*, 586 F. Supp. 2d 240, 247 (New York S.D. 2009).

In *United States v. Djoko*, the Court found that even though Mr. Djoko was not a US Citizen and couldn't legally work in the US, he had significant reasons to stay in Washington, some of which included this support of his family and his enrollment in college classes. 2019 U.S. Dist. LEXIS 170496 at 7-8 (W.D. of Washington 2019). The Government argued that Mr. Djoko had both Federal charges pending and state charges, a "history of flaunting…the law," had

providing "misleading" address information, and had several failures to appears for misdemeanor driving offenses. The Court determined that Mr. Djoko had demonstrated that he was willing to comply with the legal process in his case and that his past history of failures to appear did not establish that there was a "serious risk of flight" in that case. *Id.*

If Mr. Djoko was not determined to constitute a serious risk of fleeing, then in no way does Mr. Calhoun in the case at hand. Defendant has previously outlined why he is not a serious flight risk in his Motion to Reconsider Detention (ECF Document No. 13, pp. 5-6), and his Opposition to the Government's Basis for Detention (ECF Document Nos. 17 and 20, pp. 3-5). The Government has not proved that Mr. Calhoun poses a serious risk of flight.

2). 1342(f)(2)(B) states that Defendant's pre-trial detention is appropriate if Defendant poses a serious risk of obstructing or attempting to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. The Government must establish by a preponderance of the evidence that a Defendant presents a risk of obstruction of justice. *Madoff*, 586 F. Supp. 2d at 247.

"Absent a showing of a serious risk of flight, the Government must show a serious risk of obstruction of justice to merit a detention hearing" *Id.* at 249. "The Bail Reform Act 'does not permit detention on the basis of dangerousness

in the absence of risk of flight…[or]obstruction of justice…'" *Id.* at 250 (quoting *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988)). "The question is not simply whether" Defendant's "actions can be considered obstruction, but whether there is a *serious* risk of obstruction in the future." *Id*.

In the case at hand, the Government has not shown that Mr. Calhoun poses a serious risk of obstruction.

**<u>Conditions that Will Reasonably Assure the Safety of the Community</u>**

Even if the Court does find that the Government has carried its initial burden of demonstrating, by a preponderance of the evidence, that Mr. Calhoun poses a serious risk of flight or obstruction, there are conditions of release that the Court can impose that will protect the safety of the community and reasonably assure the defendant's appearance at trial.  "In this context, 'reasonably assure' does not mean guarantee." *United States v. Villatoro-Ventura*, 330 F. Supp. 3d 1118, 1124 (N.D. of Iowa 2018) (quoting *United States v. Orta*, 760 F.2d 887, 892 (8th Cir. 1985)).

For Mr. Calhoun to continue to be held without bail, and the Government's initial Motion for Detention to be upheld, the Court would have to find that the Government has met its burden of showing 1) by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person and the community; or 2) by a preponderance of the evidence, that there is no condition or combination of conditions that would reasonably assure the "presence of

4

the defendant at trial if released." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (citing *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985); *United States v. Gotti*, 794 F.2d 773, 777 (2d Cir. 1986)). In the case at hand the Government has not met wither burden.

In its determination the Court must consider the factors under 18 U.S.C. 3142(g), which the Defendant has outlined in his previous filings with the Court. Briefly in his Motion for Reconsideration of Detention (ECF Document No. 13, p. 10), and more thoroughly in his Opposition to the Government's Basis for Detention (ECF Document Nos. 17 and 20, pp. 3-5).

As previously provided to the Court, Mr. Calhoun's sister, Mary Calhoun, can act as a third-party facilitator of Mr. Calhoun's bail and pre-trial requirements, as well as ensure that he follows the rules that the Court sets out, and complies with all his court appearances.

Defendant will refrain from any social media activity while he is on pre-trial and during the pendency of these proceedings. He will facilitate computer monitoring for the purposes of social media activity. He will consent to wearing a gps bracelet and will ensure that all weapons and firearms, that he owns or is in possession of, have been turned over to the Government.

**Jurisdiction to Reconsider and Review Bail Determination**

As previously set before the Court in Mr. Calhoun's Motion for Reconsideration

of Detention, this Court has jurisdiction to reconsider a previous bail decision under 18 U.S.C. § 3142(i). Defendant has not abandoned the argument that he has a compelling reason for his release in that his prostate cancer places him at greater risk of COVID-19, *and*, he has a very important medical appointment on April 12, 2021, at Emory Winship Cancer Institute, in order to check the status of his cancer and the effect the previous treatment had, as well as determine if additional treatment is needed, and if so, what the next treatment steps will be. Defendant testified to this on Friday, March 5, 2021, in addition to exhibits that have been provided to the Court in previous filings. This medical care cannot be provided by the jail where he is currently incarcerated.

Additionally, and as the Government conceded to on Friday, March 5, 2021, this Court has the authority to review *de novo*, the Middle District of Georgia's Magistrate's January 21, 2021 bail determination. In such *de novo* review, the procedural first steps would be to review the Government's January 15, 2021 Motion for Detention under U.S.C. 3142(f).

**Conclusion**

The Government has not provided any evidence negating the fact that Defendant's prostate cancer, combined with his increased risk of COVID-19, and his necessary April 12, 2021 appointment in relation to his cancer treatment, are compelling reasons for the Court to reconsider Mr. Calhoun's pre-trial detention status.

Additionally, upon a *de novo* review of Defendant's pre-trial detention, the Government has not carried its initial burden of demonstrating, by a preponderance of the evidence, that Mr. Calhoun poses a serious risk of flight or obstruction, nor have they met their burden of showing 1) by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person and the community; or 2) by a preponderance of the evidence, that there is no condition or combination of conditions that would reasonably assure the presence of the defendant at trial if released. When the Government seeks to detain a presumptively-innocent citizen before trial, it must support that request with competent and credible evidence sufficient to meet its burden of proof.

WHEREFORE, Defendant renews his prayer that this honorable Court grant his Motion for Reconsideration of Detention, and for such other and further relief as the Court deems just and appropriate in the circumstance.

Dated: March 8, 2021

Respectfully Submitted,
WILLIAM MCCALL CALHOUN, JR.

By: */s/ Jessica N. Sherman-Stoltz*
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.
P.O. Box 69, Gum Spring, VA 23065
Phone: (540) 760-7612; Fax: (540) 572-4272
Email: jessica@sslawgroupva.com

**CERTIFICATE OF SERVICE**

I hereby CERTIFY that on this the 8th day of March 2021, a true and correct copy of the foregoing Defendant's Opposition to the Government's Basis for Detention with the Clerk of Court via the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

       /s/ *Jessica N. Sherman-Stoltz*
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.
P.O. Box 69, Gum Spring, VA 23065
Phone: (540) 760-7612
Fax: (540) 572-4272
Email: jessica@sslawgroupva.com