IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-00116 |
| | ) | |
| WILLIAM MCCALL CALHOUN, JR | ) | |
| | ) | |
| Defendant. | ) | |

___

**MOTION FOR A BILL OF PARTICULARS
AND MEMORANDUM IN SUPPORT THEREOF**

___

COMES NOW, Defendant, William McCall Calhoun, Jr., by and through counsel, Jessica N. Sherman-Stoltz, Esq., and respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 7(f), for an order directing the United States to furnish him with a Bill of Particulars with respect to the following matters alleged in the indictment filed in the above captioned case. In support thereof, he states as follows:

1. With respect to Count One, 18 U.S. Code § 1512(c)(2), (k), the basis of the defendant's knowledge of the conspiracy's purpose and objective, and how he engaged in, or attempted to engage in, conduct which constituted a substantial step toward the commission of the crime of obstruction, influencing, or impeding an official proceeding, and knew his actions were likely to affect it.

2. Also, with respect to Count One, 18 U.S. Code § 1512(c)(2), (k), it charges two

distinct, mutually exclusive crimes in a single count.

    a. Count One begins by stating the language of section 1512(c)(2), alleging that Defendant "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding…"

    b. Count One continues by including the language of section 1512(k), alleging that Defendant "…and did conspire to do so."

    c. Count one ends by stating "…that is, CALHOUN and NALLEY forcibly entered and remained in the Capitol to stop, delay, and hinder Congress's certification of the Electoral College vote."

    d. Section 1512(k) proscribes three elements: (1) an agreement among individuals to pursue the object of the conspiracy; (2) knowledge of the unlawful object of the agreement; and (3) an overt act taken by one of the conspirators toward carrying out the object of the conspiracy. The crime requires that Defendant, and his co-defendant, Verden Andrew Nalley, conspire to persuade someone other than themselves to obstruct, influence, and impede an official proceeding.

    e. Because the two sub-sections of 18 U.S.C. § 1512 require proof of different elements, mainly the element of "conspiracy," the two sub-sections clearly define different crimes or offenses. One being the crime of corruptly obstructing, influencing and impeding an official

      proceeding, and the other being conspiracy to corruptly obstruct, influence and impede an official proceeding.

    f. Since it cannot now be determined what the Grand Jury intended to charge under Count One, Defendant cannot prepare a defense, minimize his surprise at trial, or plead double jeopardy in the event of a later prosecution for the same offense.

3. With respect to Count Two, 18 U.S.C. § 1752(a)(1)-(2), the basis of the defendant's knowledge of the grounds being restricted, and the specific disorderly and disruptive conduct defendant engage in that did impede and disrupt the orderly conduct of Government business and official functions.

4. With respect to Count Three, 18 U.S.C. § 5104(e)(2), the basis in which the defendant specifically engaged in disorderly and disruptive conduct in the specific areas of the Capital building designated under § 5104(e)(2)(A)-(G), with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress.

MEMORANDUM OF LAW

Federal Rule of Criminal Procedure 7(f) provides that the Court may direct the filing of a bill of particulars upon the motion of a defendant. The purpose of a bill of particulars is to apprise the defendant of the nature of the charges, in such a way, so as to ensure that he: (1) understands the charges, (2) can prepare a defense, (3) can avoid

prejudicial surprise at trial, and (4) can be possible be protected against retrial for the same offense. *United States v. Butler*, 822 F. 2d 1191 (D.C. Cir. 1987); *See, e.g., United States v. Ramirez*, 602 F. Supp. 783, 793 (S.D.N.Y. 1985). The determination as to whether a bill of particulars should be provided is within the discretion of the trial court. *United States v. Butler*, 822 F. 2d at 1194.

This Motion for a Bill of Particulars is made on the grounds that this information is necessary to inform the Defendant of the charge against him with sufficient particularity to enable him to prepare his defense, to avoid and minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of further prosecution for the same offense.

In this case, Count One on the Defendant's Indictment charges two separate and distinct crimes in the same count. Under Count One Defendant is being charged with both attempting to, and doing, the act of corruptly obstructing, influencing and impeding an official proceeding, and the mutually exclusive act of conspiring to corruptly obstruct, influence and impede an official proceeding. Without knowing which crime he is charged, Defendant cannot know, or prepare, against what elements of what crime he must defend, and therefore faces undue surprise at trial.

Additionally, under these specific circumstances, the filing of a bill of particulars should be required because "…the charges of (the) indictment are so general that they do not advise the Defendant of the specific acts of which he is accused." *United States v.*

*Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). The indictment here is less specific than the indictment in *United States v. Ramirez*, 602 F. Supp 783 (S.D.N.Y. 1985), yet in Ramirez, the court noted, inter alia, that "none of the overt act allegations mentions (the moving party); he is mentioned only as one of ten co-conspirators charged with violations of 21 U.S.C. §846… This is not enough information for (the Defendant) to prepare a defense." Ramirez, supra, at 793, ordered the Government to file a bill of particulars.

In the case at hand, Count One fails to state any of the alleged overt acts necessary to support the government's charge that a conspiracy existed, and that Mr. Calhoun was involved in it. Count Two fails to state what specific grounds Mr. Calhoun entered that were restricted, and where he entered that was restricted. And both Count Two and Three fail to state the specific disorderly and disruptive conduct engaged in by Mr. Calhoun, and the orderly conduct of Government business that was actively taking place during Mr. Calhoun's alleged disorderly and disruptive conduct.

In the indictment filed against Mr. Calhoun, the charges are so general that Mr. Calhoun cannot. know the specific acts that he is accused of. See *United States v. White*, 753 F. Supp. 432 (D. Conn. 1990); *United States v. Facciolo*, 753 F. Supp. 449 (S.D.N.Y. 1990).

The information sought by this Motion for a Bill of Particulars is absolutely necessary to permit Mr. Calhoun to adequately prepare his defense to all of the Counts in which he is charged in the Indictment.

WHEREFORE, for the foregoing reasons, it is respectfully requested that the Court grant this Motion for a Bill of Particulars and order the United States to file a Bill of Particular.

Dated: March 15, 2021

                                        Respectfully Submitted,

                                        WILLIAM MCCALL CALHOUN, JR.

                                        */s/ Jessica N. Sherman-Stoltz*
                                        Jessica N. Sherman-Stoltz, Esq.
                                        Virginia State Bar #90172
                                        Sherman-Stoltz Law Group, PLLC.
                                        P.O. Box 69, Gum Spring, VA 23065
                                        Phone: (540) 760-7612
                                        Fax: (540) 572-4272
                                        Email: jessica@sslawgroupva.com

**CERTIFICATE OF SERVICE**

I hereby CERTIFY that on this the 15th day of March 2021, a true and correct copy of the foregoing Defendant's Motion for a Bill of Particulars with the Clerk of Court via the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

                                                          /s/ *Jessica N. Sherman-Stoltz*
                                                          Jessica N. Sherman-Stoltz, Esq.
                                                          Virginia State Bar #90172
                                                          Sherman-Stoltz Law Group, PLLC.
                                                          P.O. Box 69, Gum Spring, VA 23065
                                                          Phone: (540) 760-7612
                                                          Fax: (540) 572-4272
                                                          Email: jessica@sslawgroupva.com