UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-116 (DLF) |
| : | |
| WILLIAM McCALL CALHOUN, : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S OPPOSITION TO THE DEFENSE
MOTION FOR A BILL OF PARTICULARS**

The United States, by and through the assigned Assistant United States Attorney, respectfully opposes the Defendant's motion for a bill of particulars in this matter pursuant to Federal Rule of Criminal Procedure 7(f).

**PROCEDURAL POSTURE AND BACKGROUND**

Before the Court is Defendant William McCall Calhoun's motion for a bill of particulars. ECF No. 25. The Defendant's matter was the subject of a preliminary examination and detention hearing on January 21, 2021 in case 5:21-mj-8-CHW. Ex. 1. The order of the Magistrate Judge in that matter found probable cause to believe that the defendant committed each offense charged by the complaint dated January 12, 2021 (ECF No. 1); violations of 18 U.S.C. § 152(a) (unlawful entry in a restricted building); 40 U.S.C. 5104(e)(2) (violent entry and disorderly conduct in the Capitol building); and 18 U.S.C. § 1512(c)(2) (obstruction of an official proceeding). Those allegations were subsequently presented to the Grand Jury sitting in the District of Columbia, which returned a true bill of indictment on each count on February 12, 2012. ECF No. 6.

After hearing the sworn testimony of witnesses, exhibits, and the arguments of counsel, the detaining Magistrate "found by clear and convincing evidence that no condition or combination of

conditions of release would reasonably assure the safety of the community and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the Defendant's appearance as required." ECF No. 14, Ex. 1 at p.1. The detaining Magistrate further found that the nature of the alleged offenses were the most significant factor considered under 18 U.S.C. § 3142(g) because they involved "credible threats of violence against political opponents and intentional participation in violent civil insurrection," and that the "weight of the evidence is likely to be strong and indicates an ongoing and escalating pattern of threats and threatening behavior culminating in the violent entry of a mob on the United States Capitol." Id. at p. 2.

By his own admission during his sworn testimony on March 5, 2021, the defendant participated in the Capitol riot on January 6, 2021. His participation was pre-meditated and intentional if the court credits his testimony that he submitted notice of his leave shortly after Christmas for a three-day period spanning January 5-7.

The defendant's intention surpassed the lawful expression of his rights under the First Amendment from the outset. His contemporaneous narrative, published live to various social media accounts, was consistent with his intent (excerpted below from ECF No. 14, Ex. 2): The defendant wrote, "we overran multiple police barricades and swarmed the building . . . there was a last police barricade inside, and we packed in right up to them . . . somebody yelled 'push through', so we did and the shock of our momentum brushed them [Capitol Police Officers] aside . . . [a]fter we had overrun that last police barricade, the momentum caused a bad crush at one point, but carried the Vanguard through several smaller doors and down halls as we swarmed Congress yelling the names of various members." ECF 14 ex. 2-5.

A careful review of footage from within the Capitol proves the defendant to be a reliable narrator, in this regard at least. As seen in the still images below, the defendant was in fact part of the crowd that forced its way past the barricade in the crypt; pursued retreating Capitol Police officers "down halls" as the defendant shouted; and "stormed" the rotunda:











As depicted above, video footage and still images from a variety of sources corroborate the defendant's statements and actions on January 6, 2021. The detaining magistrate in the Middle District of Georgia had both the video excerpted above of the defendant's actions in the crypt (exhibits 34 and 30), but not the additional date/time stamped images of the defendant forming the group pushing by officers in the hallway depicted above, which were identified by Capitol Police following the defendant's testimony on Friday March 5, 2012.

## APPLICABLE LAW

Under the Federal Rules of Criminal Procedure, an indictment need only include "a plain, concise, and definite written statement of the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c), but a "court may direct the government to file a bill of particulars" clarifying the allegations in the indictment, *id.* 7(f). Defendants are not entitled to a bill of particulars as a matter of right since the test is whether such particulars are "necessary." Charles Alan Wright & Andrew Leipold, *Federal Practice and Procedure: Criminal* § 130 (4th ed.2008).

"A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 73–74 (D.D.C. 2019) (*citing United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987)). "[I]f the indictment is sufficiently specific," however, "or if the requested information is available in some other form, then a bill of particulars is not required." *Id.*

"A bill of particulars properly includes clarification of the indictment, not the government's proof of its case." *United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 174 (D.D.C. 2015) (internal quotation marks omitted). "[A] bill of particulars is not a discovery tool or a device for

6

allowing the defense to preview the government's evidence." *United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004). In rare circumstances, a bill of particulars might be appropriate even if what it seeks is "an identification, within reasonable limits, of information [already] in the possession of the accused" or "information" that is "evidentiary in nature." *United States v. U.S. Gypsum Co.*, 37 F. Supp. 398, 402–03 (D.D. C 1941). But a bill of particulars is inappropriate if "by reasonable investigation in the light of information contained in the indictment, or otherwise furnished by the prosecution," the defendant could avoid "prejudicial[ ] surprise[ ]." Id. at 404.

In deciding whether to order a bill of particulars, "the court must balance the defendant's need to know evidentiary-type facts in order to adequately prepare a defense with the government's need to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks omitted). "[T]he general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." *Sanford*, 841 F. Supp. 2d at 317 (internal quotation marks omitted)); *see also United States v. Baker*, No. 08-cr-0075, 2010 WL 936537, at *1–6 (M.D. Pa. Mar. 15, 2010); *United States v. Martinez*, 764 F.Supp.2d 166, 174 (D.D.C. 2011); *United States v. Diaz*, 303 F.Supp.2d 84, 89 (D.CT. 2004) ("[B]ecause a bill of particulars serves to restrict how the government may present its case at trial, the question is not whether the information sought would be beneficial to the defendant, but whether it is necessary for his defense."); accord *United States v. Mahdi*, 598 F.3d 883, 891 (D.C.Cir.2010) (District Court did not err in denying request for bill of particulars since "government was not required ... to provide notice of the intrinsic evidence" of uncharged acts relevant to establishing the charged conspiracy)..

7

Ultimately, "the determination of whether a bill of particulars is necessary rests within the sound discretion of the trial court." *Butler*, 822 F.2d at 1194. To establish an error, the defendants must "demonstrate surprise or prejudice by the lack of particularization." *United States v. Pollack*, 534 F.2d 964, 970 (D.C.Cir.1976).

## ARGUMENT

The record before the Court on this motion stands in stark contrast to the binding and persuasive authority cited above and is clearly distinguishable from other instances where this Court and other Judges in our Circuit have ordered a bill of particulars.

The allegations in *Sanford Ltd.* related to the discharge of pollutants from a fishing vessel on the high seam corporate and individual defendants were charged with a variety of related offenses before moving for a bill of particulars; a motion that was denied by Chief Judge Howell because "the superseding indictment and other information available to the defendants through discovery provides sufficient detail regarding the nature and the details of the offenses charged to afford the defendants a full and fair opportunity to prepare for and avoid surprise at trial." *Sanford Ltd.*, 841 F. Supp. 2d at 316 (D.D.C. 2012) (Citing *Butler*, 822 F.2d at 1193 and noting that "if the requested information is available in some other form [apart from the indictment], then a bill of particulars is not required.").

In *Martinez*, 764 F.Supp.2d 166, 174 (D.D.C. 2011), Judge Lamberth denied the defendant's motion for a bill of particulars on similar grounds, noting that the "government also summarized the factual background of this case at length in its opposition, which could indicate the facts the government deems relevant to its prosecution," and that "[a]lthough the purpose of a bill of particulars is not to provide discovery to defendant, the fact that the government has

8

provided this information [in its opposition] shows that the requested information is available in another form." (Citing (like *Sanford*) to *Butler*, 822 F.2d at 1193).

The instant motion for a bill of particulars is particularly misplaced given the unusual evidentiary record before the court; not only has this matter been the subject of a lengthy preliminary examination in the Middle District of Georgia and subsequent litigation regarding release before this court that has resulted in a comparatively rich factual record regarding the allegations charged in the Indictment, but the defendant here has actually discussed his conduct under oath, and at least to some degree admitted not only his planned and premeditated participation in the events of January 6, 2021, but in response to a question from the Court admitted that he "probably committed a misdemeanor trespass, and I know that was wrong" (quickly adding "I feel like I've already been punished for that . . . I would plead guilty to that.")  Tr. p. 59.

This Court ordered a limited bill of particulars related to the identity of unindicted co-conspirators in *Concord Management*, where the United States had charged a constellation of foreign entities and individuals in a complex national security prosecution, noting that matter was "not the typical case" and involved a theory of criminal liability that was "to some extent unprecedented." *Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d at 75.  The straightforward allegations and unusually ample record of video evidence and the Defendant's own concessions, rationalizations and partial admissions before the court here could not stand in starker contrast to the circumstances in *Concord Management* necessitating the bill of particulars ordered in that matter, and presents an even stronger justification for a denial of the Defendant's motion than was the case in *Mejia*, 448 F.3d at 446 (D.C. Cir. 2006), where the court stated "[w]e can only conclude that if the defendants felt ambushed [by the allegations in an indictment], it was not because the government was lying in wait, but because the defendants were not looking."

9

## CONCLUSION

For the foregoing reasons, the United States, by and through the undersigned Assistant United States Attorney, submits that the Defendant's motion for a bill of particulars should be **DENIED**.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

/s/ Adam Alexander
ADAM ALEXANDER
Assistant United States Attorney
AK Bar No. 1011057
Detailee
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021, I sent a copy of the foregoing via the Court's electronic filing system to Ms. Jessica Sherman-Stoltz, Esq., counsel for the defendant.

/s/ Adam Alexander
ADAM ALEXANDER
Assistant United States Attorney