IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-00116 |
| ) | |
| WILLIAM MCCALL CALHOUN, JR ) | |
| *Defendant.* ) | |

### DEFENDANT WILLIAM MCCALL CALHOUN'S
### MOTION TO DISMISS COUNT ONE

COMES NOW, Defendant, William McCall Calhoun, Jr., by and through counsel, Jessica N. Sherman-Stoltz, Esq., and respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(i), and hereby files this Motion and Memorandum to Dismiss Count One of the Indictment because that count alleges more than one crime and is therefore defective on the grounds of duplicity.

### FACTS:

Count One of the Indictment charged against the Defendant, William McCall reads as follows:

> **COUNT ONE**
> (18 U.S.C. § 1512(c)(2), (k)—Obstruction of an Official Proceeding)
>
> On or about January 6, 2021, in the District of Columbia and elsewhere, the defendants,
>
> **WILLIAM McCALL CALHOUN, JR., and**
> **VERDEN ANDREW NALLEY,**
>
> attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, and did conspire to do so; that is, CALHOUN and NALLEY forcibly entered and remained in the Capitol to stop, delay, and hinder Congress's certification of the Electoral College vote.
>
> (In violation of Title 18, United States Code, Section 1512(c)(2), (k))

With respect to Count One, 18 U.S. Code § 1512(c)(2), (k), it charges three distinct, mutually exclusive crimes in a single count.

1. Count One begins by stating the language of section 1512(c)(2), alleging that Defendant both "***attempted to, and did***, corruptly obstruct, influence, and impede an official proceeding..." (italics added).

2. Count One continues by including the language of section 1512(k), alleging that Defendant "…and did conspire to do so."

3. Count one ends by stating "…that is, CALHOUN and NALLEY forcibly entered and remained in the Capitol to stop, delay, and hinder Congress's certification of the Electoral College vote."

MEMORANDUM OF LAW IN SUPPORT OF MOTION

Rule 8(a) of the Federal Rules of Criminal Procedure provides that "[t]wo or more offenses may be charged in the same indictment or information in a separate count for each offense[.]" The "separate count for each offense" language of Rule 8(a) requires (1) that each count of an indictment contain only one offense, and (2) that a single offense be charged only once in an indictment. *See generally* 1 C. Wright, *Federal Practice and Procedure: Criminal* §141 (2d. ed. 1982). The first of these requirements guards against "duplicity." *See*, *e.g.*, *United States v. Hawkes*, 753 F.2d 355, 357 (4th Cir. 1985); *United States v. Ramos*, 666 F.2d 469, 473 (11th Cir. 1982); *United States v. UCO Oil*

*Co.*, 546 F.2d 833, 835 (9th Cir. 1976) ("Duplicity is the joining in a single count of two or more distinct and separate offenses."). The prohibition on duplicity "reflect[s] fundamental due process rights of defendants[.]" *UCO Oil*, 546 F.2d at 835.

An indictment suffers from duplicity when two or more distinct and separate offenses are joined in a single count. *See* 1A Wright & Miller, *supra*, § 142, at 7. "'An indictment may be duplicitous if it joins in a single count two or more distinct offenses.'" *United States v. Baytank, Inc.*, 934 F.2d 599, 608 (5th Cir. 1991) (citing *United States v. Robin*, 693 F.2d 376, 378 (5th Cir. 1982)). "'[T]he test for determining whether the same act or transaction constitutes two offenses or only one is whether conviction under each statutory provision requires proof of an additional fact which the other does not.'" *United States v. Tucker*, 345 F.3d 320, 337 (5th Cir. 2003) (quoting *United States v. Reedy*, 304 F.3d 358, 363 (5th Cir. 2002)).[1]

"In determining whether an indictment is duplicitous, a court must assess whether the indictment *can be read* to charge only one violation in each count." *United States v. Roman*, 2010 WL 3294221, at *1 (W.D. Tex. Aug. 19, 2010) (emphasis added) (citing *United States v. Sharpe*, 193 F.3d 852, 865 (5th Cir. 1999)). The courts have recognized at least four ways in which a duplicitous count prejudices a defendant. First,

---

[1] "The vice of duplicity is that there is no way for a jury to convict on one offense and acquit on another offense contained in the same count." 1A Wright & Miller, *supra*, § 142, at 7. And a "general verdict of guilty will not reveal whether the jury unanimously found the defendant guilty of either offense, both offenses, or guilty of one crime and not guilty of the other." *Id.*

it fails to provide the defendant with adequate notice of the pending charges. *See United States v. Kimberlin*, 781 F.2d 1247, 1250 (7th Cir. 1985). Second, a duplicitous count can produce a record inadequate to allow a defendant to plead former jeopardy to a subsequent prosecution for the same offense. *United States v. Starks*, 515 F.2d 112, 116 (3d. Cir. 1975); *Kimberlin*, 781 F.2d at 1250. Third, a duplicitous count may prejudice the defendant with respect to evidentiary rulings during the trial, since evidence admissible on one offense might be inadmissible on the other. *Starks*, 515 F.2d at 116-117. Finally, a duplicitous indictment may lead to conviction based on a non-unanimous verdict as to one charge or the other. *Starks*, 515 F.2d at 117; *Kimberlin*, 781 F.2d at 1250. The appropriate remedy for a duplicitous count is either dismissal of that count or requiring the government to elect between the two charges contained in that one count. *Starks*, 515 F.2d at 117.[2]

## ARGUMENT

In this case, Count One on the Defendant's Indictment charges three separate and distinct crimes in the same count. Defendant is charged under 18 U.S.C. Section 1512(c)(2) and Section 1512(k), the conspiracy provision of the crime. Section 1512(c)(2) charges the Defendant with attempting to obstruct an official proceeding *and* actually

---

[2] Dividing each duplicitous count into two charges is not a proper remedy for the government's duplicitous charge, see *Starks*, 515 F.2d at 117, because that would constitute an impermissible amendment of the indictment. *See Stirone v. United States*, 361 U.S. 212, 217-19 (1960) (amendment of indictment violates Fifth Amendment Grand Jury Clause).

obstructing an official proceeding. Count One then goes on to combine the two aforementioned offenses with the offense of conspiracy to obstruct.

Section 1512(k) proscribes the three elements of conspiracy: (1) an agreement among individuals to pursue the object of the conspiracy; (2) knowledge of the unlawful object of the agreement; and (3) an overt act taken by one of the conspirators toward carrying out the object of the conspiracy. The crime requires that Defendant, and his co-defendant, Verden Andrew Nalley, conspire to persuade someone other than themselves to obstruct, influence, and impede an official proceeding.

Because the three sub-sections of 18 U.S.C. § 1512 require proof of different elements, the three sub-sections clearly define different crimes or offenses. One being the crime of attempting to corruptly obstruct, influence and impede an official proceeding, another being the crime of corruptly obstructing, influencing and impeding an official proceeding, and the third being the conspiracy to corruptly obstruct, influence and impede an official proceeding.

Duplicitous Counts in an Indictment violate Mr. Calhoun's Sixth Amendment right to know the charges against him. The prohibition against duplicity also guards against the possibility of later confusion as to the basis of a conviction by ensuring that the Defendant is not subjected to subsequent prosecutions for the same offense. *United States v. Tanner*, 471 F.2d 128, 139 (7th Cir. 1972). Duplicity can also lead to prejudice in the shaping of evidentiary rulings. *United States v. Marshall*, 75 F.3d at 1111. Further, a

general verdict on a duplicitous Count brings with it the risk that the jury did not unanimously agree on the basis for conviction. *United States v. Starks*, 515 F.2d 112, 116-17 (3d Cir. 1975). In other words, it creates the risk that some members of the jury will find the Defendant guilty as to one offense, and some members will find her guilty as to the other, but all twelve will not agree as to a single offense. *United States v. Marshall*, 75 F.3d at 1111. This type of confusion should be avoided.

All of these concerns are fully at play in this case. It is entirely unclear from the Indictment whether Mr. Calhoun is being charged with attempting to corruptly obstruct, influence and impede an official proceeding, or the completed act of obstructing, influencing, and impeding an official proceeding, or the mutually exclusive act of conspiring to corruptly obstruct, influence and impede an official proceeding. Going forward with this charge in light of this duplicitous count, would be a serious offense against Mr. Calhoun's due process rights. As such, Count One should be dismissed.

## CONCLUSION

It cannot now be determined what the Grand Jury intended to charge under Count One, and Defendant cannot effectively prepare a defense, minimize his surprise at trial, or plead double jeopardy in the event of a later prosecution for the same offense. The Defendant has clearly been charged with three separate offenses in one count, which is duplicitous, and should therefore be dismissed.

WHEREFORE, for the foregoing reasons, it is respectfully requested that the Court dismiss Count One of the Indictment against Defendant.

Dated: November 28, 2021

Respectfully Submitted,

WILLIAM MCCALL CALHOUN, JR.

/s/ Jessica N. Sherman-Stoltz
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.
P.O. Box 69, Gum Spring, VA 23065
Phone: (540) 451-7451 / Fax: (540) 572-4272
Email: jessica@sslawgroupva.com

**CERTIFICATE OF SERVICE**

I hereby CERTIFY that on this the 28th day of November 2021, a true and correct copy of the foregoing *Defendant's Motion to Dismiss Count One* with the Clerk of Court via the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

/s/ Jessica N. Sherman-Stoltz
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.