UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :   CASE NO. 1:21-CR-00116 DLF |
| v. | : |
| | : |
| WILLIAM McCALL CALHOUN and VERDEN ANDREW NALLEY | : |
| | : |
| Defendants. | : |

## UNITED STATES' RESPONSE TO DEFENDANT WILLIAM MCCALL CALHOUN'S MOTION TO DISMISS COUNT ONE

The United States respectfully submits its Response to Defendant William McCall Calhoun's Motion to Dismiss Count One of the Indictment (ECF 70). The Government respectfully opposes Defendant's motion and asks this Court to deny it in its entirety.

### I.     Background

On January 12, 2021, Defendant Calhoun was charged by complaint with violations of 1) 18 U.S.C. § 1512(c)(2) – obstruction of an official proceeding; 2) 18 U.S.C. § 1752(a) - unlawful entry and disorderly conduct into/in/on restricted building or grounds; and 3) 40 U.S.C. § 5104(e)(2) – violent entry and disorderly conduct on Capitol grounds (ECF 1). The charges were the result of his alleged actions at the United States Capitol on January 6, 2021. On February 12, 2021, a federal grand jury returned a three-count indictment against Defendant Calhoun and his co-defendant Verden Andrew Nalley.[1] The indictment charged the same three crimes that were charged in the complaint, though it added a violation of 18 U.S.C. § 1512(k), conspiracy to obstruct an official proceeding, to the same count that charged the substantive violation 18 U.S.C. § 1512(c)(2).

---

[1] Defendant Nalley pled guilty to a superseding information charging one violation of 18 U.S.C. § 1752(a)(1) on December 2, 2021.

1

On November 28, 2021, Defendant Calhoun filed his Motion to Dismiss Count 1 of the indictment arguing that charging the substantive count of obstruction, attempt to obstruct, and conspiracy to obstruct in a single count of the indictment was duplicitous. ECF 70 at 1-7. On January 12, 2022, a federal grand jury superseded the February 12, 2021 indictment. ECF 83. Relevant here, the grand jury removed the charge of conspiracy to obstruct pursuant to 18 U.S.C. § 1512(k) from Count 1. *Id*. Instead, Count 1 now charges the substantive violation of 18 U.S.C. § 1512(c)(2), attempt to violate 18 U.S.C. § 1512(c)(2), and includes the theory of aiding and abetting pursuant to 18 U.S.C. § 2. *Id*.

## II.   Argument

Duplicity is the joining in a single count of two or more distinct and separate offenses. *See United States v. Mangieri*, 694 F.2d 1270, 1281 (D.C.Cir.1982). In his motion, Defendant Calhoun argues that the inclusion of obstruction, attempt to obstruct, and conspiracy to obstruct in a single count is duplicitous. ECF 70 at 5. In turn, he urges this Court to dismiss Count 1 of the indictment. *Id*. at 7. Given the superseding indictment, as well as the law related to the crime of attempt, the Court should deny Defendant Calhoun's motion.

First, the January 12, 2022 superseding indictment removes the conspiracy language and reference to 18 U.S.C. § 1512(k) in Count 1. ECF 83 at 1. As a result, any duplicity argument related to the inclusion of a charge of conspiracy to obstruct is now moot, and this Court should find accordingly.

Second, Defendant's claim that a substantive offense cannot coexist in the same count as an attempt of the same substantive offense is incorrect. Rule 31 of the Federal Rules of Criminal Procedure provides, in relevant part, that "[a] defendant may be guilty of ... (1) an offense necessarily included in the offense charged; [or] (2) an attempt to commit the offense charged."

2

Fed. R. Crim. P. 31(c).  Courts have generally agreed that "under Fed. R. Crim. P. 31(c), a defendant may be found guilty of an attempt to commit a substantive offense, *whether or not the attempt was charged in the indictment*, provided an attempt is punishable." *See United States v. Dhinsa*, 243 F.3d 635, 675 (2d Cir. 2001) (emphasis added) (*quoting United States v. Marin*, 513 F.2d 974, 976 (2d Cir. 1975)). *See also United States v. Resendiz-Ponce*, 549 U.S. 102, 110 n.7 (2007); 3 Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE CRIMINAL § 515 (4th ed. 2019). Of course, an attempt to commit a criminal offense is "actionable only where ... a specific criminal statute makes impermissible its attempted as well as actual violation." *United States v. Douglas*, 525 F.3d 225, 251 (2d Cir. 2008) (*quoting United States v. Manley*, 632 F.2d 978, 987 (2d Cir. 1980)). Section 1512 explicitly criminalizes attempt, making the crime of attempt actionable. *See* 18 U.S.C. § 1512(c)(2). Thus, even if attempt was not included in the January 12, 2022 superseding indictment, a jury could still find Defendant Calhoun guilty of attempted obstruction of an official proceeding. Count 1 of the superseding indictment, therefore, is not duplicitous and should not be dismissed.

    WHEREFORE, the United States respectfully requests that the Court deny Defendant Calhoun's Motion to Dismiss Count One of the Indictment.

                                  Respectfully submitted,

                                  MATTHEW GRAVES
                                  United States Attorney
                                  D.C. Bar No. 481052

By:        /s/
            JENNIFER M. ROZZONI
            NM Bar No. 14703
            Assistant United States Attorney - Detailee
            201 3rd Street, Suite 900
            Albuquerque, NM 87102
            Tel. No. 505-350-6818
            jennifer.m.rozzoni@usdoj.gov