**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-cr-00116** |
| | ) | |
| **WILLIAM MCCALL CALHOUN, JR** | ) | |
| ***Defendant.*** | ) | |

---

**DEFENDANT'S FOURTH MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**

---

COMES NOW, Defendant, William McCall Calhoun, Jr., by his undersigned counsel, Jessica N. Sherman-Stoltz, Esq., through the provisions of 18 U.S.C. § 3142(c)(3), and respectfully requests that this Honorable Court modify its March 9, 2021, July 8, 2021, August 20, 2021, and December 2, 2021, Orders Setting Conditions of Release (ECF Document Number 23, July 8, 2021 Minute Order, August 20, 2021 Minute Order, and December 2, 2021 Minute Order), by removing the requirement of location monitoring as a condition of Mr. Calhoun's release. In support, he states as follows:

1. Per this Court's March 9, 2021, Order Setting Conditions of Release, Defendant is required to submit to location monitoring as directed by the pretrial services office.
2. Defendant has remained under location monitoring since this Court's March 9, 2021 order, a time period of a little over 12 months.

3. Defendant has been compliant while under pretrial supervision.
4. Defendant has no prior criminal history and no history of failures to appear.
5. Defendant has appeared at every proceeding related to his case since his initial appearance on January 15, 2021.
6. Defendant is not a flight risk and previously turned over his passport to his pretrial officer.
7. Defendant is not a danger to the community.
8. Defendant has strong ties to his community, to include many family members that live close by, and being a licensed attorney with a successful law practice and many active clients and cases which require regular local court appearances.
9. On a regular basis Defendant is either going to court, visiting a client in jail, or in contact with a Judge, prosecutor, or law enforcement official, so his whereabouts will be readily known and easily verified.
10. Defendant's current pretrial officer is James Poe, and he is willing to speak to this Court regarding his position to this Motion.
11. Over the past 14 months Defendant has demonstrated that he willingly complies with the conditions of his pretrial release and is an active participant towards the resolution of these proceedings. The requirement of location monitoring is more restrictive than necessary to ensure Mr. Calhoun's

continued cooperation and appearance before this Court.

12. "If the Bail Reform Act requires no more than the least restrictive conditions needed to reasonably assure the Defendant's appearance, then consistent compliance with existing conditions counsels in favor of reducing their severity on the theory that lesser conditions will suffice…the court may impose only the least restrictive conditions necessary to *reasonably* assure a defendant's appearance." *United States v. Hutchins*, 298 F. Supp. 3d 1205, 1208 (2017).

WHEREFORE, for the foregoing reasons, it is respectfully requested that the Court grant Defendant's Fourth Motion to Modify Conditions of Pretrial Release and enter an order releasing him from the requirement of location monitoring.

Dated: March 21, 2022

Respectfully Submitted,
WILLIAM MCCALL CALHOUN, JR.

*/s/ Jessica N. Sherman-Stoltz*
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.
P.O. Box 69, Gum Spring, VA 23065
Phone: (540) 451-7451 / Fax: (540) 572-4272
Email: jessica@sslg.law

**CERTIFICATE OF SERVICE**

I hereby CERTIFY that on this the 21st day of March, a true and correct copy of the foregoing *Defendant's Fourth Motion to Modify Conditions of Pretrial Release* with the Clerk of Court via the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

*/s/ Jessica N. Sherman-Stoltz*
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.