IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-00116 |
| | ) | |
| WILLIAM MCCALL CALHOUN, JR | ) | |
|     *Defendant.* | ) | |

_____

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT**
_____

COMES NOW, Defendant, William McCall Calhoun, Jr., by and through counsel, Jessica N. Sherman-Stoltz, Esq., and respectfully files his reply to the Government's response to his Motion to Dismiss Count One of the Superseding Indictment.

### REPLY ARGUMENT

**I.  The Court should grant Defendant's Motion to Dismiss Count One of the Superseding Indictment.**

**A. This Court's ruling as to the certification of the Electoral College vote being an official proceeding.**

Defendant acknowledges that the consensus of recent decisions of this district, and in this Court, is that Congress's Joint Session to certify the Electoral College results qualifies as an "official proceeding." Though Defendant does not wish to concede and withdraw his argument related to this ground, he does respect this Court's prior ruling

in this regard and merely renews his previously raised argument (ECF Doc. No. 101) that the Electoral College vote is not an official proceeding.

**B. Calhoun's alleged conduct does not fit within the scope of Section 1512(c)(2).**

Since having filed his Motion to Dismiss Count One of the Superseding Indictment, A Court in this Court's district issued an opinion and decision as to the statutory interpretation of 18 U.S.C § 1512(c)(2), and the conduct that it prohibits. *See United States v. Miller*, 1:21-cr-119-CJN (ECF Doc. No. 72). In that decision, Judge Nichols considered whether the conduct that the January 6th defendants have been accused of committing qualifies as conduct that "otherwise obstructs, influences, or impedes" an official proceeding, within the meaning of Section 1512(c)(2). *See* Memorandum Opinion, ECF No. 72, *United States v. Miller*, 1:21-cr-119-CJN. In the *Miller* case, Judge Nichols held that the conduct alleged did not qualify, concluding that "§ 1512(c)(2) must be interpreted as limited by subsection (c)(1), and thus requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." *Miller* mem. op. at 28. Judge Nichols found that Miller was not alleged to have taken such action, and dismissed the obstruction count for failing to allege a violation of 18 U.S.C. § 1512(c)(2). Likewise, Calhoun is not alleged to have taken any action with respect to a document, record, or other object to corruptly obstruct, impede, or influence an official proceeding.

Similarly, in *United States v. Fischer*, Judge Nichols again dismissed the obstruction count for failing to allege a violation of 18 U.S.C. § 1512(c)(2). *See* Memorandum Opinion, ECF No. 64, *United States v. Fischer*, 1:21-cr-234-CJN.

In this own Court's opinion and ruling in *United States v. Reffitt,* it states that "to act corruptly, the defendant must use unlawful means or act with an unlawful purpose, and act with consciousness of wrongdoing." *See* Memorandum Opinion, ECF No. 148, *United States v. Reffitt*, 1:21-cr-32-DLF. This court found that the evidence presented by the Government showed that Reffitt cleared the way, gestured, and led the mob behind him, and in doing so, he assisted and encouraged others to breach the Capitol. This Court also found that Reffitt acted with an unlawful purpose to physically overthrow Congress. *Reffitt* is contrary to the case at hand in that Calhoun did nothing similar to what Reffitt was accused of having done. Calhoun did not bring any weapons to Washington, DC, or to the Capitol building, he didn't display any acts of violence or property damage, when he walked into the Capitol building it was through open doors, Congress had already evacuated, and he stayed within the velvet ropes where the public was supposed to stay. All of his steps and conduct within the Capitol can be seen in the video evidence provided by the Government.

Calhoun did not act with an unlawful purpose or consciousness of wrongdoing. Nor did he take any action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.

## CONCLUSION

Based upon the foregoing, Defendant renews his Motion to Dismiss Count One of the Superseding Indictment charged against him.

Dated: May 22, 2022.

Respectfully Submitted,

WILLIAM MCCALL CALHOUN, JR.

/s/ *Jessica N. Sherman-Stoltz*
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.
P.O. Box 69, Gum Spring, VA 23065
Phone: (540) 451-7451 / Fax: (540) 572-4272
Email: jessica@sslawgroupva.com

## CERTIFICATE OF SERVICE

I hereby CERTIFY that on this the 22nd day of May 2022, a true and correct copy of the foregoing *Defendant's Reply to the Government's Response to Defendant's Motion to Dismiss Count One of the Superseding Indictment* with the Clerk of Court via the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

/s/ *Jessica N. Sherman-Stoltz*
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.