IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-00116 |
| ) | |
| WILLIAM MCCALL CALHOUN, JR ) | |
| *Defendant.* ) | |

_____

**DEFENDANT'S RULE 41(g) MOTION FOR RETURN OF PROPERTY**
_____

COMES NOW, Defendant, William McCall Calhoun, Jr., by and through counsel, Jessica N. Sherman-Stoltz, Esq., pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure[1], respectfully moves this court to enter an order directing the Federal Bureau of Investigation to return his property seized on January 15, 2021. In support of his Motion, he sets forth the following facts and argument.

### I.    BACKGROUND

On January 15, 2021, a complaint, affidavit in support, arrest warrant and motion for detention were filed against Mr. Calhoun in the U.S. District Court for the Middle District of

---

[1] Rule 41(g) – formerly Rule 41(e) – provides: A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings. FED. R. CRIM. P. 41(g).

Georgia (Macon). The complaint charged Mr. Calhoun with one count of entry to Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a), one count of Violent Entry or Disorderly Conduct in violation of 40 U.S.C. § 5104(e)(2), and one count of Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). Mr. Calhoun was arrested that same day, and he made his first appearance before the U.S. District Court for the Middle District of Georgia (Macon). The Defendant was subsequently charged by Indictment in the District of Columbia in the instant matter on February 12, 2021, and arraigned before this Court on March 1, 2021.

On January 15, 2021, after having been arrested without incident, the room that Mr. Calhoun was temporarily staying in at his sister's house was subsequently searched by law enforcement, and numerous items of Mr. Calhoun's were seized. *See* Exhibit A – United States Department of Justice, Federal Bureau of Investigation, Receipt for Property. To Mr. Calhoun and his sister's knowledge, this search was conducted without a search warrant. By evidence of a signed Consent to Search form, Mr. Calhoun gave consent to law enforcement to search the room he was staying in, and "take any items which they determine *may be related to their investigation*" (emphasis added). *See* Exhibit B – Consent to Search.

## II.     LEGAL STANDARD OF REVIEW

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The

"'very core'" of this guarantee is "'the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.'" *Florida* v. *Jardines*, 569 U. S. 1, 6, 133 S. Ct. 1409, 185 L. Ed. 2d 495 (2013); *See Caniglia v. Strom*, 141 S. Ct. 1596, 1599, 209 L. Ed. 2d 604 (2021). There are a few exceptions where invasions of a home and its curtilage are permissible. The most recognized are searches and seizures pursuant to a valid search warrant, and searches following valid consent. Courts have also held that law enforcement officers may enter a home without a warrant under certain exigent circumstances. An arrest warrant, like the one obtained for Mr. Calhoun, is not the same as a search warrant. An arrest warrant allows the police to enter an arrestee's home only to execute an arrest and not to conduct a general search of the home. *See Mincey v. Arizona*, 437 U.S. 385, 391-92, 98 S. Ct. 2408, 57 L. Ed. 2d 290 (1978); *United States v. Robertson*, 239 F. Supp. 3d 426, 450 (D. Conn. 2017).

"A person whose property has been seized by the government may file a motion under Federal Rule of Criminal Procedure 41(g), formerly codified in Rule 41(e), for the return of the property." *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014). Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property." *Oduu*, 564 F. App'x at 130. "A finding that the government actually possesses the property sought is a necessary predicate to the resolution of a Rule 41(g) motion." *Id.*

Mr. Calhoun's personal belongings were seized in Macon, GA, as a result of a pending investigation into alleged illegal acts that took place on January 6, 2021 in Washington, D.C.  His case is currently under the jurisdiction of the United States District Court for the District of Columbia. Mr. Calhoun's Motion to Transfer Venue to the United States District Court for the Middle District of Georgia was denied.

"A movant must demonstrate that being deprived of actual possession of the seized property causes 'irreparable injury,' and must be otherwise without adequate remedy at law." *In re Search of Kitty's East*, 905 F.2d 1367, 1371 (10th Cir. 1990). Additionally, the movant bears the burden of establishing under Rule 41(g) that "the retention of the property by the government is unreasonable." *United States v. Nelson*, 190 F. App'x 712, 714 (10th Cir. 2006) (*citing In re Search of Kitty's East*, 905 F.2d at 1375).

### III.    ARGUMENT

Mr. Calhoun gave consent for law enforcement to search his room and seize items that may be related to their investigation. As a result of that search, numerous firearms were taken from Mr. Calhoun, and have not been returned.

It has not been alleged, nor is there any evidence to support, that firearms played a part in any of the charges Mr. Calhoun has been alleged to have committed on January 6, 2021. Additionally, there is evidence to support that not only did Mr. Calhoun not bring any firearms to Washington DC on January 6, 2021, he did not have any firearms in his possession when he entered the Capital building, and all his actions that day were entirely non-violent. Firearms were not related to law enforcement's investigation into Mr. Calhoun's acts on January 6, 2021.

Many of Mr. Calhoun's firearms were passed down to him by other family members, including his Father, who is now deceased. The property seized from Mr. Calhoun on January 15, 2021 is not evidence being used to support, or prove, any of the January 6, 2021 charges against him. In fact, the firearms specifically have never left the state of Georgia. To not return the seized items to Mr. Calhoun, specifically the firearms, would cause irreparable harm and is depriving him of non-evidentiary personal property that he has a right to retain and keep within the family in which they originated.

Even if law enforcement was not initially aware of the non-involvement of firearms in Mr. Calhoun's January 2021 trip to Washington DC, they are now aware, and all items seized from Mr. Calhoun under the premise of being related to their investigation should be returned. The Government has no further evidentiary need for the property seized and the continued retention of his property is unreasonable. It has

been over 20 months since his belongings were seized, with continued retention by the Government. Mr. Calhoun's consent to search his room, in the absence of a search warrant, and seize items that may have been related to the investigation against him, was not an open-ended invitation to seize all his firearms and hold them indefinitely.

Mr. Calhoun acknowledges that a condition of his bail requires that he not to be in possession of firearms, and he readily agrees to continue to comply with that requirement. His personal belongings can be released to someone that he designates, who can be in lawful possession of firearms, and someone that he does not share residence with. Aside from these pending charges, Mr. Calhoun has no criminal history, nor have there been allegations that he has misused a firearm, or used a firearm in a threatening manner.

### IV. CONCLUSION

WHEREFORE, Defendant, William Calhoun, moves this Honorable Court to enter an Order directing that Mr. Calhoun's personal belongings be returned to him.

Dated: September 30, 2022.

                                                Respectfully Submitted,
                                                WILLIAM MCCALL CALHOUN, JR.

                                                */s/ Jessica N. Sherman-Stoltz*_____
                                                Jessica N. Sherman-Stoltz, Esq.
                                                Virginia State Bar #90172
                                                Sherman-Stoltz Law Group, PLLC.
                                                P.O. Box 69, Gum Spring, VA 23065
                                                Phone: (540) 451-7451 / Fax: (540) 572-4272
                                                Email: jessica@sslg.law

**CERTIFICATE OF SERVICE**

I hereby CERTIFY that on this the 30th day of September 2022, a true and correct copy of the foregoing *Defendant's Rule 41(g) Motion for Return of Property* with the Clerk of Court via the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

                                         */s/ Jessica N. Sherman-Stoltz*
                                         Jessica N. Sherman-Stoltz, Esq.
                                         Virginia State Bar #90172
                                         Sherman-Stoltz Law Group, PLLC.