IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-00116 |
| ) | |
| WILLIAM MCCALL CALHOUN, JR ) | |
| *Defendant.* ) | |

_____

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S RULE 41(g) MOTION TO RETURN SEIZED PROPERTY**
_____

COMES NOW, Defendant, William McCall Calhoun, Jr., by and through counsel, Jessica N. Sherman-Stoltz, Esq., and respectfully files this reply to the Government's response in opposition to Defendant's Rule 41(g) Motion for Return of Property.

### I.     BACKGROUND

Defendant notes that according to the Government's own response, he entered the Capitol building at approximately 2:19 PM, with the initial breach of the Capitol having occurred six (6) minutes prior to walking through the open doors of the Capitol. Government's Response in Opposition, ECF No. 128, p. 2. He did not break through "the line of officers on the west side of the Capitol building," as there were no officers present when he found himself in a crowd of people at the bottom of the stairs where the scaffolding was. The Government's representation of the Defendant's entry into the Capitol suggests one of force, when in fact that is not the case. To the Defendant's memory, the crowd of people that he entered the Capitol with was not

engaging in any property damage.

Additionally, as the Government can see from their own discovery videos of inside the Capitol, the Defendant tried to exit the Capitol building for approximately ten to fifteen minutes prior to actually exiting but got caught in a traffic jam of people trying to enter and exit the Capitol and wasn't able to move towards any exit.

## II.     REPLY ARGUMENT

### A. This Court has ancillary jurisdiction to determine the return of Defendant's personal belongings.

On January 25, 2021, Defendant's Magistrate case in the Middle District of Georgia - Macon Division (5:21-mj-00008-CHW), was ordered removed to US District Court for the District of Columbia. *See* Order of Removal to Another District, 5:21-mj-00008, ECF No. 11, January 25, 2021. All other matters related to his charged offenses are being handled in the case in which his 41(g) Motion was filed. Defendant's Magistrate case in the Middle District of Georgia has been closed.

This district court, where the Defendant is being tried, has ancillary jurisdiction to decide the Defendant's motion for the return of his seized property. *See United States v. Garcia*, 65 F.3d 17 (4th Cir. 1995) (The 4th Circuit Court of Appeals ruled that a person may move for return of property in the district of trial while the proceeding is pending. "In such situation the trial court has the authority, under principles of "ancillary" jurisdiction"). *See also Rufu v. United States*, 20 F.3d 63 (2d Cir. 1994) (the Court ruled that

the District Court had ancillary jurisdiction to decide Defendant's post-trial motion since that's where his case was tried); and *Reyes-Dilone v. United States*, Nos. 12 Civ. 3902(LAP), 08 Crim. 351(LAP), 2013 WL 1204058, at 2 & n. 5 (S.D.N.Y. March 25, 2013).[1]

The interests of justice weigh in favor of this Court deciding Defendant's Rule 41(g) Motion, so as to not have two separate proceedings arising out of the same offense in two separate district courts. It is traditionally more favorable that cases with substantially similar underlying issues be tried in the same court. Moreover, pending cases involving the same issue—in this case, the pending criminal trial—are given "paramount consideration" when determining judicial economy. *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960); *Jarvis Christain Coll. V. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge*, 364 U.S. 19, 26 (1960).

**B. Defendant's seized personal property is not subject to retention pending trial because Defendant is not denying his presence in the Capitol, nor did he possess or transport any firearms to Washington, DC, or into the Capitol.**

Defendant does not, and has not, denied his presence in the Capitol building on

---

[1] If this Court disagrees that it has ancillary jurisdiction over Defendant's 41(g) motion, Defendant respectfully requests that this motion be transferred to the United States District Court for the Middle District of Georgia – Macon Division.

January 6, 2021. Additionally, based on the Government's provided interior pictures and videos of the Defendant in the Capitol building, he does not deny that the Government has identified him correctly. The Defendant's identity in the Capitol building on January 6, 2021 is not at issue to his defense, nor has it ever been.

In the same social media post that the Government quotes the Defendant having said "whether DC law enforcement could enforce their gun laws would depend on how many 'armed patriots show[ed] up,'" Defendant also clearly states "DC announced it is 'banning guns…' – guns are already banned in DC. Very illegal." Additionally, none of the pending charges against Defendant allege that he possessed, or used, a firearm in commission with any of his alleged acts within the Capitol. In another social media post that the Defendant is alleged to have written, it states "today we brought our Government to its knees with no weapons."

"Whether or not the Defendant followed through on literally carrying the firearms with him to Washington, D.C." is relevant to the Government's case and the need to retain the evidence for trial. Again, respectfully, Defendant is not being charged with any crime related to the use or possession of firearms. His firearms, hat and scarf are not part of the pending criminal case, and the investigation in which they were initially seized for, has concluded. Additionally, the court can order the Government to return property without holding that the property is then inadmissible. *See J.B. Manning Corp. v. United States,* 86 F.3d 926 (9th Cir. 1996).

Though Defendant consented to a search of the room he was staying in, and the temporary seizure of his property (to determine if they may be related to their investigation). "A consensual search is not equivalent to a lawful seizure." *In re Smith*, 888 F.2d 167 (D.C.Cir. 1989). While the Defendant's personal property may have evidentiary value, for it to be relevant evidence, "there must, of course, be a nexus…between the [property] and criminal behavior." *Warden v. Hayden,* 387 U.S. 294, 307, 87 S. Ct. 1642, 18 L. Ed. 2d 782 (1967). The Government has many photos of the seized items, though if the Government is planning on using those photos during Defendant's trial, Defendant may find it necessary to file an appropriate Motion, depending on the Government's purpose for using those photos, or the seized property itself.

### III.     CONCLUSION

WHEREFORE, as there is nothing in the record of the proceedings to justify the continued withholding of Defendant's personal property, and Defendant has made a *prima facie* case of entitlement to the seized property, Defendant, William Calhoun, renews his request to this Honorable Court to enter an Order directing that Mr. Calhoun's seized personal belongings be returned to him.

Dated: October 9, 2022.

> Respectfully Submitted,
> WILLIAM MCCALL CALHOUN, JR.
>
> /s/ Jessica N. Sherman-Stoltz

Jessica N. Sherman-Stoltz, Esq.<br>
Virginia State Bar #90172<br>
Sherman-Stoltz Law Group, PLLC.<br>
P.O. Box 69, Gum Spring, VA 23065<br>
Phone: (540) 451-7451 / Fax: (540) 572-4272<br>
Email: jessica@sslg.law

## CERTIFICATE OF SERVICE

I hereby CERTIFY that on this the 9th day of October 2022, a true and correct copy of the foregoing *Defendant's Reply to the Government's Response in Opposition to Defendant's Rule 41(g) Motion to Return Seized Property* with the Clerk of Court via the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

/s/ Jessica N. Sherman-Stoltz_____<br>
Jessica N. Sherman-Stoltz, Esq.<br>
Virginia State Bar #90172<br>
Sherman-Stoltz Law Group, PLLC.