IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-00116 |
| ) | |
| WILLIAM MCCALL CALHOUN, JR ) | |
| *Defendant.* ) | |

_____

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE ENTRY OF EVIDENCE AND/OR ARGUMENT REGARDING DEFENDANT'S SOCIAL MEDIA POSTS**

_____

COMES NOW, Defendant, William McCall Calhoun, Jr., by and through counsel, Jessica N. Sherman-Stoltz, Esq., and respectfully files this reply to the Government's response in opposition to Defendant's Motion *in limine* to exclude the entry of evidence and/or argument regarding his social media posts.

### I.     BACKGROUND

Defendant notes that according to the Government's own response in opposition, he entered the Capitol building at approximately 2:19 PM, with the initial breach of the Capitol having occurred six (6) minutes prior to walking through the open doors of the Capitol. Government's Response in Opposition, ECF No. 124, p. 2. He did not break through "the line of officers on the west side of the Capitol building," as there were no officers present when he found himself in a crowd of people at the bottom of the stairs where the scaffolding was. The Government's representation of the Defendant's entry

into the Capitol suggests one of force, when in fact that is not the case. To the Defendant's memory, the crowd of people that he entered the Capitol with was not engaging in any property damage.

On page five of the Government's response in opposition, they note to a January 6, 2021 Facebook post, posted by the Defendant around 4:08 PM. *Id* at p. 5. This timestamp further reinforces Defendant's argument that his posts are written in a narrative context, a form of his own creative writing and artistic impression. As the Government stated, he exited the Capital building at 2:44 PM. *Id* at p. 2. Defendant had long since left the Capital by the time he wrote the post at 4:18 PM, showing that he was writing it not as it was happening, but as a recounting of the events that had taken place that day. Additionally, Defendant's social media posts regarding his attendance at the rally and speech in Washington, D.C., and his presence in the Capital building, demonstrate that he did not believe he committed a crime.

## II.   REPLY ARGUMENT

**A. The Statements in Calhoun's Social Media Posts are not Relevant Evidence to Prove Corrupt Intent.**

It has been established, by Defendant's prior sworn testimony in earlier proceedings that he only decided to go to Washington, D.C. a couple of days prior to January 6, 2021. His friend, and codefendant, Mr. Nalley, drove them in his car, and reserved/paid for the hotel room. Defendant's trip to Washington, D.C. was not planned, or

deliberated, months in advance as the Government implies. As the Government's own opposition shows, Defendant only posted about his plans to go to Washington, D.C. on January 4, 2021. *Id*. at 4.

Prior to Defendant's decision to go to Washington, D.C., his social media posts showed his disagreement and disbelief with the outcome of the election, but they did not convey a plan to prevent the final certification of the 2020 presidential election. By saying that he was, is speculative by the Government. *Id*. at p. 7. Defendant was not "one of the very first rioters to unlawfully enter the Capital grounds" and the building. *Id*. And he did not participate "with a mob of individuals who ultimately were able to stop and delay the vote certification." *Id*. As the Government's own evidence showed, the Defendant entered with hundreds of other people, through a law enforcement free area, and open door to the Capital building. Defendant entered six minutes after the initial breach (*Id*. at p. 2), after the Senate was gaveled into recess, after the House and Senate were locked down, after the Speaker of the House was removed from the chamber, and right around the same time as the House was gaveled into recess and evacuated.[1] By the time the Defendant even made it to the Rotunda area, the vote certification had long since been stopped.

The *Cassidy* case is clear in the First Amendment protection of speech, "even when the subject or manner of expression is uncomfortable and challenges…political

---

[1] https://en.wikipedia.org/wiki/Timeline_of_the_January_6_United_States_Capitol_attack

attitudes…" *United States v. Cassidy*, 814 F.Supp.2d 574, 582 (D. Md. 2011). The findings of the *Cassidy* ruling apply to protected speech in any context or case facts, not just to speech related to an interstate stalking statute.

    B. **The Probative Value of Calhoun's Social Media Posts Do Not Outweigh the Unfair Prejudice Pursuant to Rule 403.**

Most the Defendant's social media posts that the Government has used throughout these proceedings, and would use at trial, occurred well before former President Trump announced the date of the rally on Twitter, and well before the Defendant made plans to travel to Washington, D.C. for the rally. This further solidifies that the Defendant's social media posts prior to those two dates (December 30th and January 4th) have no bearing on his actions on January 6, 2021.

Prior to January 4, 2021, Defendant's social media posts expressed his disagreement and disbelief with the election outcome, but they in no way "explain" why the Defendant was in Washington, D.C. on January 6, 2021. Government's Response in Opposition, ECF No. 124, p. 10.

As stated in Defendant's Motion *in Limine*, it is highly likely that the content, writings, arguments, and narratives contained in the Defendant's social media posts will inflame the jurors and lead them to reach a decision based on their emotions, rather than on the evidence before them. See State v. Skinner, 218 N.J. 496, 251 (N.J. 2014); see also Fed. R. Evid. 403 advisory committee's notes ("'Unfair prejudice' within its context

means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). The Government's suggestion as to a limiting instruction will not eliminate the jurors emotional reactions to the Defendant's posts. In a case in which the Defendant is already faced with battling a highly emotional and potentially biased jury pool, it is even more important to protect the integrity of the trial and ensure that the Defendant's social media posts are excluded from entry into his trial proceedings.

### C. The Defendant's Social Media Posts Do Not Relate Directly to His Knowledge and Intent.

As responded to and discussed above, the Defendant's social media posts do not "go directly to his corrupt intent," nor his "knowledge of the 2020 presidential election certification on January 6, 2021." *Id*. at p. 10. The presidential election certification was widely, and frequently, publicized in the days leading up to January 6, 2021, and again, the Defendant didn't even make plans to travel to Washington, D.C. until January 4, 2021. Lastly, Defendant did not interfere with, or stop, the certification, as his movement and actions in the Capital building clearly demonstrate.

### III.   CONCLUSION

Defendant's social media posts are constitutionally protected speech. Everything that the Defendant posted on social media is legally protected. For the Government to be allowed to use Defendant's irrelevant to the case at hand social media posts, would

equate to an unconstitutional form of prior restraint.

WHEREFORE, Defendant, William Calhoun, renews his request and respectfully moves this Honorable Court to grant his Motion and enter an order precluding the Government from entering any evidence and/or argument related to his social media posts leading up to, and through, January 6, 2021, and the days thereafter.

Dated: October 11, 2022.

> Respectfully Submitted,
>
> WILLIAM MCCALL CALHOUN, JR.
>
> /s/ Jessica N. Sherman-Stoltz_____
> Jessica N. Sherman-Stoltz, Esq.
> Virginia State Bar #90172
> Sherman-Stoltz Law Group, PLLC.
> P.O. Box 69, Gum Spring, VA 23065
> Phone: (540) 451-7451 / Fax: (540) 572-4272
> Email: jessica@sslawgroupva.com

## CERTIFICATE OF SERVICE

I hereby CERTIFY that on this the 5th day of September 2022, a true and correct copy of the foregoing *Motion in Limine to Exclude the Entry of Evidence and/or Argument Regarding Defendant's Social Media Posts and Memorandum of Law in Support Thereof* with the Clerk of Court via the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

> /s/ Jessica N. Sherman-Stoltz_____
> Jessica N. Sherman-Stoltz, Esq.
> Virginia State Bar #90172
> Sherman-Stoltz Law Group, PLLC.