UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-116 (DLF) |
| | : | |
| WILLIAM MCCALL CALHOUN, JR., | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' MOTION IN LIMINE REGARDING CROSS-EXAMINATION OF U.S. SECRET SERVICE WITNESS

The United States of America moves to limit the cross-examination of witnesses with the Secret Service Agency, pursuant to Fed. R. Evid. 401, 403, and 611(b).

### INTRODUCTION

In Counts Two and Three of the Superseding Indictment, the defendant, William McCall Calhoun, is charged with violating 18 U.S.C. § 1752(a)(1) and (2) by knowingly entering or remaining in a restricted building or grounds without lawful authority, and knowingly, and with intent to impede or disrupt the orderly conduct of Government business and official functions, engaging in disorderly or disruptive conduct in, or within proximity of, any restricted building or grounds, when such conduct does in fact impede or disrupt Government business and official functions during the breach of the United States Capitol on January 6, 2021. That statute defines "restricted buildings or grounds" to include any building or grounds temporarily visited by a person being protected by the Secret Service. 18 U.S.C. § 1752(c)(1)(B).

To meet its burden of proof at trial, the government will call a witness from the United States Secret Service to testify that at the time of the Capitol breach, Secret Service agents were on duty to protect Vice President Mike Pence and his two immediate family members, all of whom were present at the Capitol.

However, the very nature of the Secret Service's role in protecting the Vice President and his family implicates sensitive information related to that agency's ability to protect high-ranking members of the Executive branch and, by extension, national security. Thus, the government seeks an order limiting the cross-examination of the Secret Service witnesses to questioning about the function performed by the Secret Service as testified to on direct examination, in this case protecting the Vice President and his family. The defendant should be specifically foreclosed from questioning the witnesses about the following:

1. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur;
2. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.

**ARGUMENT**

**I.     This Court Has the Discretion to Limit Cross-Examination of Witnesses at Trial**

It is well-established that a district court has the discretion to limit cross examination. *See Alford v. United States,* 282 U.S. 687 (1931) ("The extent of cross-examination [of a witness] with respect to an appropriate subject of inquiry is within the sound discretion of the trial court."). A court has the discretion to prohibit cross-examination that goes beyond matters testified to on direct examination. Fed. R. Evid. 611(b). This is particularly so when the information at issue is of a sensitive nature. *See e.g., United States v. Balistreri,* 779 F.2d 1191, 1216-17 (7th Cir. 1985) (upholding district court's decision to prohibit cross-examination of agent about sensitive information about which that agent did not testify on direct examination and which did not pertain to the charges in the case), *overruled on other grounds* by *Fowler v. Butts,* 829 F.3d 788 (7th Cir.

2016). Other permissible reasons for limiting cross-examination include preventing harassment, prejudice, confusion of the issues, or repetitive, cumulative, or marginally relevant questioning. *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986).

The Confrontation Clause only guarantees "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). Even evidence that may be relevant to an affirmative defense should be excluded until the defendant sufficiently establishes that defense through affirmative evidence presented during his own case-in-chief. *See United States v. Lin,* 101 F.3d 760, 768 (D.C. Cir. 1996) (acknowledging trial court has discretion to limit cross-examination on prejudicial matters without reasonable grounding in fact); *United States v. Sampol,* 636 F.2d 621, 663-64 (D.C. Cir. 1980) (holding that trial court properly limited cross-examination of alleged CIA murder scheme until defense put forth sufficient evidence of the affirmative defense in its case-in-chief); *United States v. Stamp,* 458 F.2d 759, 773 (D.C. Cir. 1971) (finding trial court properly excluded cross examination of government's witness with response to matter only related to an affirmative defense and not elicited through direct exam). Preventing the defendant from exploring the topics identified above will not infringe his Confrontation Clause right because those topics are not relevant to an element at issue in the case, provide no basis for impeaching the Secret Service witness, and do not implicate any affirmative defense.

### II.     Cross-Examination of Secret Service Witnesses Should Be Limited to Whether the Capitol was Restricted on January 6, 2021

To prove Counts Two and Three, the government intends to offer limited testimony about the Secret Service's protection of certain officials on January 6, 2021. To establish these violations, the government must prove that the Capitol and its grounds were "restricted," for purposes of

§ 1752(a) because the Vice President and his family were present there and being protected by the Secret Service.[1] *See* 18 U.S.C. § 1752(c)(1)(B) (defining restricted buildings and grounds).

Cross-examination of Secret Service witnesses about extraneous matters beyond the scope of direct examination should be excluded as irrelevant or unduly prejudicial. But the Secret Service's general protocols about relocation for safety should be excluded as irrelevant because such evidence does not tend to make a fact of consequence more or less probable. Fed. R. Evid. 401 (defining relevant evidence). Similarly, evidence of the nature of Secret Service protective details is not relevant in this case. The number or type of assigned agents on a protective detail does not alter the probability that the Capitol and its grounds were restricted at the time. None of the other elements to be proven, or available defenses, implicates further testimony from the Secret Service.

Even assuming the evidence to be excluded is marginally relevant, such relevance is substantially outweighed by the danger of confusion of the issues, mini-trials, undue delay, and waste of time. *See United States v. Mohammed,* 410 F. Supp. 2d 913, 918 (S.D. Cal. 2005) (finding that information having broader national security concerns can be excluded under Rule 403 because its tendency to confuse the issues, mislead the jury, create side issues or a mini-trial can result in undue prejudice that substantially outweighs any probative value). Broader cross-examination of Secret Service witnesses could compromise national security without adding any appreciable benefit to the determination of the truth, or the veracity or bias of witnesses. *Id.*

---

[1] The Secret Service is authorized to protect the Vice President and his immediate family. 18 U.S.C. §§ 3056(1) and (2).

### III.  The Government Requests an *In Camera* Proceeding to Determine the Admissibility of Certain Evidence

If this court determines that a hearing is necessary to determine the admissibility of testimony by a witness from the Secret Service, the government requests the hearing be conducted *in camera* and ex parte. As noted, in this case, disclosure of certain information could prove detrimental to the Secret Service's ability to protect high-level government officials and affect our national security. Courts have found such considerations justify ex parte, in camera proceedings. *See Gilmore v. Palestinian Interim Self-Gov't Auth.,* 843 F.3d 958, 968 (D.C. Cir. 2016) (finding that while ex parte proceedings should be employed to resolve discovery disputes only in extraordinary circumstances, they are appropriate where disclosure could lead to substantial adverse consequences, such as where a party sought intelligence materials generated in the midst of a geopolitical conflict); *United States v. Nixon,* 418 U.S. 683, 714 (1974) (affirming district court's order for in camera inspection of subpoenaed presidential materials); *United States v. Kampiles,* 609 F.2d 1233, 1248 (7th Cir. 1979) ("It is settled that in camera ex parte proceedings to evaluate bona fide Government claims regarding national security information are proper."); *In re Taylor,* 567 F.2d 1183, 1188 (2d Cir. 1977) (finding that in camera proceedings "serve to resolve, without disclosure, the conflict between the threatened deprivation of a party's constitutional rights and the Government's claim of privilege based on the needs of public security."); *United States v. Brown,* 539 F.2d 467, 470 (5th Cir. 1976) (per curiam) (same).

### CONCLUSION

For these reasons, the United States requests that this court enter an order, as described above, limiting cross-examination of any witness with the Secret Service. If this court determines

an evidentiary hearing is necessary to rule on this motion, the government asks that the hearing be held *in camera* and ex parte.

Dated:   December 9, 2022

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:   /s/Christopher Brunwin
CHRISTOPHER BRUNWIN
California Bar No. 158939
Assistant United States Attorney Detailee
United States Attorney's Office
Central District of California
312 N. Spring Street
Los Angeles, California 90012
(213)894-4242
christopher.brunwin@usdoj.gov

SARAH MARTIN
Assistant United States Attorney
United States Attorney's Office
601 D Street NW
Washington, D.C. 20001
(202)538-0035
sarah.martin@usdoj.gov