IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                                  ) | Case No. 21-cr-00116 |
| ) | |
| WILLIAM MCCALL CALHOUN, JR             ) | |
| *Defendant.*                                                 ) | |

_____

**DEFENDANT'S RENEWED MOTION FOR A BILL OF
PARTICULARS AND MEMORANDUM IN SUPPORT THEREOF**
_____

COMES NOW, Defendant, William McCall Calhoun, Jr., by and through counsel, Jessica N. Sherman-Stoltz, Esq., and respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 7(f), for an order directing the United States to furnish him with a Bill of Particulars with respect to the following matters alleged in the superseding indictment filed in the above captioned case. In support thereof, he states as follows:

1. With respect to Count One, 18 U.S. Code § 1512(c)(2) and 2, the basis of how the Defendant engaged in, or attempted to engage in, specific conduct within the District of Columbia, or elsewhere, which did corruptly obstruct, influence, and impede an official proceeding, and knew his actions were likely to affect it.

2. With respect to Count Two, 18 U.S.C. § 1752(a)(1), the basis of the

    Defendant's knowledge of the building and grounds being restricted.

3. With respect to Count Three, 18 U.S.C. § 1752(a)(2), the basis in which the Defendant specifically engaged in disorderly and disruptive conduct that did impede and disrupt the orderly conduct of Government business and official functions.

4. With respect to Count Four, 18 U.S.C. § 5104(e)(2)(D), the basis in which the Defendant specifically engaged in disorderly and disruptive conduct in the specific areas of the Capital building designated under § 5104(e)(2)(A)-(G), with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before, or any deliberation of, a committee of Congress or either House of Congress.

5. With respect to Count Five, 18 U.S.C. § 5104(e)(2)(G), the basis in which the Defendant knowingly and willfully paraded, demonstrated, and picketed in any United States Capitol Building.

MEMORANDUM OF LAW

Federal Rule of Criminal Procedure 7(f) provides that the Court may direct the filing of a bill of particulars upon the motion of a defendant. The purpose of a bill of particulars is to apprise the defendant of the nature of the charges, in such a way, so as to ensure that he: (1) understands the charges, (2) can prepare a defense, (3) can avoid

prejudicial surprise at trial, and (4) can be possible be protected against retrial for the same offense. *United States v. Butler*, 822 F. 2d 1191 (D.C. Cir. 1987); *See, e.g., United States v. Ramirez*, 602 F. Supp. 783, 793 (S.D.N.Y. 1985). The determination as to whether a bill of particulars should be provided is within the discretion of the trial court. *United States v. Butler*, 822 F. 2d at 1194.

This Motion for a Bill of Particulars is made on the grounds that this information is necessary to inform the Defendant of the charge against him with sufficient particularity to enable him to prepare his defense, to avoid and minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of further prosecution for the same offense.

In this case, and under these specific circumstances, the filing of a bill of particulars should be required because "…the charges of (the) indictment are so general that they do not advise the Defendant of the specific acts of which he is accused." *United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). The indictment here is less specific than the indictment in *United States v. Ramirez*, 602 F. Supp 783 (S.D.N.Y. 1985), yet in Ramirez, the court noted, inter alia, that "none of the overt act allegations mentions (the moving party); he is mentioned only as one of ten co-conspirators charged with violations of 21 U.S.C. §846… This is not enough information for (the Defendant) to prepare a defense." Ramirez, supra, at 793, ordered the Government to file a bill of particulars.

In the case at hand, Count One fails to state any of the alleged conduct that took place within the District of Columbia, or elsewhere, that corruptly obstructed, influenced, and impeded Congress's certification of the Electoral College vote. Count Two fails to state what specific building and grounds Mr. Calhoun entered into that were clearly posted, cordoned-off, and otherwise marked as restricted. And both Counts Three and Four fail to state the specific disorderly and disruptive conduct engaged in by Mr. Calhoun, and the orderly conduct of Government business that was actively taking place during Mr. Calhoun's alleged disorderly and disruptive conduct. Count Five fails to state how Mr. Calhoun paraded, demonstrated, and picketed in the US Capitol.

Defendant has reviewed the extensive amount of discovery related to his case, and the Government's List of Exhibits recently provided to undersigned counsel in anticipation of his upcoming trial and has been unable to identify any "conduct" that took place in the District of Columbia, or "elsewhere," that corruptly obstructed, influenced, impeded, disrupted, or was disorderly, while a session of Congress, official proceeding, function, or Government business was taking place; or any evidence that he paraded, demonstrated, and picketed inside of the US Capitol. Additionally, Defendant has been unable to identify where on the specific grounds and building, it was clearly posted, cordoned-off, and otherwise marked as restricted, at the time he was on the grounds and entered the building.

In the indictment filed against Mr. Calhoun, the allegations are so general that Mr. Calhoun does not know the specific acts that he is accused of. Including the allegations of conduct that occurred "elsewhere." See *United States v. White*, 753 F. Supp. 432 (D. Conn. 1990); *United States v. Facciolo*, 753 F. Supp. 449 (S.D.N.Y. 1990).

The information sought by this Motion for a Bill of Particulars is absolutely necessary to permit Mr. Calhoun to adequately prepare his defense to all of the Counts in which he is charged in the Superseding Indictment.

WHEREFORE, for the foregoing reasons, and pursuant to Fed. R. Crim. P. 7(f), it is respectfully requested that the Court grant Mr. Calhoun's Renewed Motion for a Bill of Particulars and order the United States to file a Bill of Particulars.

Dated: December 23, 2022

Respectfully Submitted,

WILLIAM MCCALL CALHOUN, JR.

*/s/ Jessica N. Sherman-Stoltz*
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.
P.O. Box 69, Gum Spring, VA 23065
Phone: (540) 451-7451 / Fax: (540) 572-4272
Email: jessica@sslg.law

## CERTIFICATE OF SERVICE

I hereby CERTIFY that on this the 23rd day of December 2022, a true and correct copy of the foregoing *Defendant's Renewed Motion for a Bill of Particulars* with the Clerk of Court via the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

/s/ Jessica N. Sherman-Stoltz_____
Jessica N. Sherman-Stoltz, Esq.
