**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-CR-116 (DLF)** |
| **WILLIAM MCCALL CALHOUN, JR.,** | |
| **Defendant.** | |

## GOVERNMENT'S RESPONSE TO COURT'S JUNE 28, 2024 ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's June 28, 2024 Minute Order issued subsequent to the decision in *Fischer v. United States*, 603 U.S. ___ (2024). The Court ordered that (1) the parties propose a schedule for further proceedings and resentencing; and (2) the government show cause why the defendant should not be released. Minute Order, dated June 28, 2024.

As to the first question, further proceedings on the merits, including resentencing, are premature at this juncture: the defendant's direct appeal remains pending and divests this Court of jurisdiction over the issues currently before the court of appeals.  As to the second question, in light of the recency and complexity of the issues left unresolved by *Fischer*, and in light of the defendant's upcoming release date (August 7, 2024), the government does not oppose release pending appeal under 18 U.S.C. § 3143(b).[1]

---

[1] Nothing in this submission should be construed as an admission that the defendant has a meritorious *Fischer* claim, or that a *Fischer* claim in this case is likely to result in reversal or retrial on all counts, or even in a shorter sentence. Any claim under *Fischer* should be considered in the

## BACKGROUND

On January 12, 2021, Calhoun was charged for his role in the riot on January 6, 2021.  At that time, Calhoun was a practicing criminal defense attorney in Georgia.  Calhoun traveled from Georgia to Washington, D.C. for January 6th to prevent Congress from certifying the results of the 2020 Presidential Election.  Social media posts indicate that, before the election, Calhoun anticipated arming himself and traveling to Washington, D.C. to protest.  After the election, and before the riot, he wrote online about murdering his political opposition and storming the Capitol, with the stated goal of stopping the certification.

Calhoun was indicted on February 12, 2021 (ECF No. 6), and on January 12, 2022, a Superseding Indictment was filed, which charged Calhoun with five counts: (1) Obstruction of an Official Proceeding and Aiding and Abetting, 18 U.S.C. §§ 1512(c)(2) and 2; (2) Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2); (4) Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D); and (5) Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G). ECF No. 83.

Calhoun waived his right to a jury trial and proceeded to a bench trial before this Court on March 2, 2023.  On March 20, 2023, the Court convicted Calhoun of each of the charged offenses. ECF No. 163.  On August 21, 2023, this Court sentenced Calhoun to 18 months of incarceration followed by 24 months of supervised release.  ECF No. 183.  Calhoun is scheduled to be released

---

first instance by the court of appeals, and any questions relating to the defendant's sentence should be considered if and when jurisdiction returns to this Court.

from custody on August 7, 2024.

## ARGUMENT

In the intervening months, *Fischer* was litigated through the D.C. Circuit and ultimately the Supreme Court, which issued its decision on Friday, June 28, 2024.  In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding."  Op. 8.  However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions.  Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so.  *Id.* at 9, 16.  The Supreme Court remanded the case to the court of appeals for further proceedings.  *Id.*  Through those further proceedings, the appeals court will interpret the scope of the statute further, which may or may not include circumstances of this case, where the defendant intended to stop the certification and interfere with the voting and balloting underlying the certification.  *See id.* at 16 (explaining that attempting to impair the integrity of availability of records, documents, objects, or other things used in the proceeding is still a crime under section 1512); *id.* at 8 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding"); *see also* ECF No. 171, at 6, 10-12 (sentencing memo summarizing the evidence against the defendant, including the role of the Vice President as it relates to voting on January 6).

Given the remand to the court of appeals and the ongoing litigation in *Fischer*, the

government is still evaluating *Fischer*'s impact on this and other January 6 cases. However, at present, the government is prepared to take the following positions on the Court's June 28, 2024 Order.

First, to the extent the Court is contemplating "further proceedings in light of *Fischer*" or a potential "resentencing" (Minute Order, dated June 28, 2024) such proceedings are, respectfully, premature. As this Court knows, the defendant has appealed his convictions. *See* ECF No. 187; September 13, 2023 Order noting U.S.C.A. Case No. 23-3150. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see, e.g.*, *United States v. Hallford*, 816 F.3d 850, 855 n.4 (D.C. Cir. 2016) (quoting same). And "[t]he district court does not regain jurisdiction over those issues until the court of appeals issues its mandate." *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997). Accordingly, at this juncture, the Court lacks jurisdiction to reconsider the validity of the defendant's conviction or proceed to resentencing.

Second, and in contrast, this Court retains jurisdiction to reconsider the more limited question of release pending appeal under 18 U.S.C. § 3143(b). In § 3143(b), Congress created a presumption that defendants convicted of an offense and sentenced to a term of incarceration be detained, unless the Court finds: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community"; *and* (B) that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . a reversal, an order for a new trial, a sentence that does not include a term of imprisonment,

or a reduced sentence . . . less than the total of the time already served plus the expected duration of the appeal process." *Id.*

In light of the unique posture and circumstances of this case, the government does not oppose the defendant's release pending appeal.  To be sure, at the first step, the defendant's violent intentions and rhetoric surrounding January 6, 2021—especially combined with his refusal to take responsibility and willingness to lie at his own trial despite decades of legal training—cast serious doubt on any suggestion that, if released, the defendant will not pose a danger to the safety of the community.  *See, e.g.*, ECF No. 171 at 4-15; *see United States v. Guy Reffitt*, 21-cr-32-DLF, ECF No. 182, at 6 ("This representation, standing alone, is insufficient to rebut the presumption of custody.").  At the same time, the Court sentenced the defendant to a term of incarceration (18 months) that is shorter than the sentenced recommended by the government (34 months), and the defendant's release date (August 7, 2024) is approaching in a matter of weeks.  Given the limited time left to be served, the government takes no position on the question whether release pending appeal is likely to pose a danger to the community.

At the second step, the defendant must show, among other things, that his appeal raises a "substantial question of law or fact" *and* that the question is "likely to result" in "reversal" on all counts, in "an order for a new trial" on all counts,[2] in a non-prison sentence, or in a reduced

---

[2] *See United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam). The requirements for "reversal" and "an order for a new trial" requires reversal or a new trial on all counts, not just a single count or a subset of the counts of conviction. *Id.* at 557 (explaining that defendants "cannot be released unless the appeal raises a substantial question likely to result in reversal of *all counts* on which imprisonment is imposed") (emphasis added).

sentence shorter than the time already served plus the likely duration of the appeal.  *Fischer* did not reject the application of § 1512(c)(2) to all January 6 cases, but it did recognize certain limitations on the scope of the statute.  Assuming, without conceding, that the application of *Fischer* to the particular facts of this case constitutes a "substantial question" of law, and further assuming that this Court might consider a shorter sentence if and when the court of appeals remands this case,[3] this Court could lawfully release the defendant pending his ongoing appeal. Accordingly, in light of these unique circumstances—the recency of the *Fischer*'s decision, the complexity of the issues left open by that decision, and the limited time left for this defendant to serve (until August 7, 2024)—the government will not oppose such relief.  *See also United States v. Sheppard*, 21-cr-302-JDB, ECF No. 142, at 10 (D.D.C. Jan. 11, 2024) (noting that the decision

---

[3] To be clear, even without a §1512 conviction, the defendant would still have a total offense level of 12 (*see* ECF No. 180, at 18), which would correspond to a guidelines range of 10 – 16 months' imprisonment. When accounting for the aggravating facts underlying the defendant's intent, coupled with the fact that *Fischer* does not undercut the "importance and solemnity of the Congressional proceeding", a two-month upward variance – *assuming* the lack of § 1512 – would be appropriate in this case.  To the extent this defendant (or any defendant) attempts to minimize the conduct by noting the existence of just misdemeanors, nothing would change the severity of the defendant's crimes, his lack of remorse, his corrosive lies to this Court, and his belief that the riot on January 6, 2021 was prompted by "heroes" and "patriots".  ECF No. 180, at 12.

for release pending appeal does not constitute a resentencing, and that additional steps must be had

upon a potential remand).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:    /s/ *Sarah C. Martin*
Sarah C. Martin
Assistant United States Attorney
D.C. Bar 1612989
601 D Street NW
Washington, DC
(202) 252-7048
Sarah.Martin@usdoj.gov

7